THE STATE v. MEEK, *Appellant.*

70   355
38a  507
38a  556
70   355
41a  26
70   355
115  45
54a  427

70   355
62a  111
70   355
136  351
70   355
85a  475

1. **Abortion.** An indictment for procuring an abortion is bad if it does not aver that the abortion was not advised by a physician to be necessary to preserve the life of the woman. Wag. Stat., § 34, p. 450.

2. **Jeofails.** The provision of the statute of jeofails that "no indictment shall be deemed invalid * * for want of the averment of any matter not necessary to be proved," (Wag. Stat., § 27, p. 1090,) applies only to averments of such matters as are not necessary constituents of the crime charged, not to such as are essential but need no proof on the part of the State in the first instance, because there is a legal presumption of their existence.

*Appeal from Livingston Circuit Court.*—HON. E. J. BROADDUS, Judge.

REVERSED.

*Shanklin, Low & McDougal* and *John E. Wait* for appellant.

*J. L. Smith,* Attorney-General, for the State.

HOUGH, J.—The defendant was indicted for procuring an abortion. The section of the statute under which the indictment was drawn provides that every person "who shall willfully administer to any pregnant woman any medicine, drug or substance whatsoever, or shall use or employ any means whatsoever with intent thereby to procure abortion or the miscarriage of any such woman, unless the same shall have been necessary to preserve the life of such woman, or shall have been advised by a physician to be necessary for that purpose, shall, upon conviction, be adjudged guilty of a misdemeanor." The material portions

of the indictment are as follows: "The grand jurors, &c., upon their oaths, present that Orlando Meek, late of the county aforesaid, on the —— day of December, 1874, at, &c., did willfully and unlawfully administer to one Ara- bella Tronsue, a woman then and there being pregnant with child, a large quantity of medicine, with intent thereby to procure abortion and miscarriage of the said Arabella Tronsue, the administering of said medicine to said Ara- bella Tronsue not being then necessary to preserve the life of said Arabella Tronsue; and the grand jurors further present that said Orlando Meek fled from justice in this cause in the month of May, 1875, and against the peace and dignity of the State. And the grand jurors aforesaid, upon their oaths aforesaid, do further present that Orlando Meek, late, &c., on, &c., at, &c., did willfully and unlaw- fully administer to one Arabella Tronsue, a woman then and there being pregnant with child, a large quantity of medicine and drugs, with intent thereby to procure abor- tion and miscarriage of the said Arabella Tronsue, the administering of said medicine and drugs to said Arabella Tronsue not being then necessary to preserve the life of said Arabella Tronsue, and against the peace and dignity of the State."

The indictment, it will be perceived, fails to negative one of the exceptions contained in the statute defining the offense. The defendant moved to quash the indictment because it did not negative both of said exceptions. This motion was overruled, and the defendant was tried and convicted. A motion to arrest the judgment for the rea- sons stated in the motion to quash, was also overruled, and the case comes here by appeal.

The indictment before us is in form like that in the case of the *State v. Van Houten*, 37 Mo. 557. The circuit court, in that case, quashed the indictment on a motion assigning as grounds therefor, that it did not state facts sufficient to constitute any offense, and that it did not specify or describe the kind, quantity and quality of med-

icine alleged to have been administered. This court held
that the circuit court erred in quashing the indictment "for
the reasons set forth in the motion;" that it was unneces-
sary to allege the kind, quantity or quality of the medi-
cine administered; and that the first cause assigned, that
the indictment did not state facts sufficient to constitute
any offense, was too general, and should have been disre-
garded, as under our statute a motion to quash must dis-
tinctly specify the grounds of objection. In that case, it
will be seen, this court did not pass upon the effect of the
failure to negative the exception referred to, for the reason
that the point was not specifically presented in the motion
to quash.

All the authorities agree that when the exception con-
stitutes a part of the description of the offense sought to
1. ABORTION.    be charged, the indictment must negative the
exception, otherwise no offense is charged. *State v. Shif-
lett*, 20 Mo. 415 ; *State v. Sutton*, 24 Mo. 377 ; *Commonwealth
v. Hart*, 11 Cush. 130; *State v. Barker*, 18 Vt. 195. An in-
dictment which should charge simply that the defendant
produced an abortion, would charge no offense under the
statute; for abortion is an offense only when it is not nec-
essary, and is not advised by a physician to be necessary
to save the life of the mother. For the same reason it
would be insufficient to charge only that abortion was pro-
duced when it was unnecessary to save the life of the
mother, as it may have been advised by a physician to be
necessary to save the mother's life, although in fact it was
not so necessary ; and in that event the statute declares that
the person producing it is guilty of no crime. It is mani-
fest, therefore, that when the exceptions are contained in
the clause of the statute defining the offense and constitute
a part of the description, the exceptions must be nega-
tived.

It may frequently happen, however, that the burden
of proof as to one or more of the exceptions contained in
a statute defining an offense, may, from the nature of the

exceptions, be cast upon the defendant. Thus in the case of the *State v. Lipscomb*, 52 Mo. 32, which was an indictment for selling liquor without a license, this court said: " When the subject matter of the negative averment lies peculiarly within the knowledge of the other party, the averment is taken as true, unless disproved by that party." But this rule does not dispense with the necessity for such averment; on the contrary, it plainly recognizes the propriety of such averments and treats them as proved, unless disproved by the defendant. Thus in cases like the one before us, it has been held that while it is necessary for the State to produce some evidence that the abortion was unnecessary to save the life of the mother, the burden of showing that it was advised by a physician to be necessary for that purpose, is upon the defendant, and this for the reason that from the very nature of the case it might be impossible for the State to prove that such advice was not given, while testimony that it was so advised, being in its nature of a secret and confidential character and peculiarly within the knowledge of the defendant, could generally be easily produced by him. *Moody v. The State*, 17 Ohio St. 110.

It is contended, however, on behalf of the State, that inasmuch as the burden of proof is not on the State as to 2. JEOFAILS. the negative averment now under consideration, that under the statute of jeofails which declares that " no indictment shall be deemed invalid * * for want of the averment of any matter not necessary to be proved," it is wholly unnecessary that the indictment should contain an averment that the abortion was not advised by a physician to be necessary for the preservation of the life of the mother. This argument is, in our opinion, unsound. The statute of jeofails above cited, was intended to apply only to immaterial averments, such as are not necessary constituents of the crime charged, and need not in any way be made to appear. The exception we are considering is a part of the description of the

offense, and, therefore, material.   Nor can it be said with legal accuracy that an averment as to this exception is not necessary to be proved; for under the rule laid down in the *State v. Lipscomb*, and *Moody v. The State, supra*, it is to be considered as proved, if it is not disproved by the defendant.   Surely the law would not be careful to declare that under certain circumstances we are to consider an averment as having been proved which it is unnecessary to prove.   If testimony should be introduced by the defendant tending to show that he was within the exceptions, the State would have to rebut such testimony, or there could be no conviction.   The argument for the State fails to distinguish between a rule of pleading and a rule of evidence.

It is quite plain to us that the statute was not intended to apply to negative averments the burden of disproving which is on the defendant, and which are to be taken as true unless disproved, but to immaterial averments which it is unnecessary for the State in any way to establish, by legal presumption or otherwise, as was the case in the *State v. Edmundson*, 64 Mo. 398.   The principle here applied is constantly acted upon in trials under indictments for selling liquor without license.   *State v. Jaques*, 68 Mo. 260. The judgment of the circuit court will be reversed and the cause remanded, with directions to the circuit court to quash the indictment.   All the judges concur.