THE CITY OF ST. LOUIS v. LEMP *et al., Appellants.*

93   477
114    22
114   242
115   153

**Land**: ACCRETION: RIPARIAN OWNER. The owner of land, bounded on one side by the Mississippi river, is entitled to the accretions made thereto by the river.

*Appeal from St. Louis City Circuit Court.*—HON. SHEPARD BARCLAY, Judge.

AFFIRMED.

*Geo. W. Taussig* for appellants.

(1) The source of the title of the city of St. Louis is the proceeding in partition.   Unless the city has derived title from that proceeding, the city has no such title as will warrant a recovery in this suit.   (2) [*a*] At the time this partition took place, the city of St. Louis did not embrace any of these lands within its charter limits. The southern limit of the city of St. Louis was St. George (Barton street), a half mile north of the property in controversy.   Session Acts 1851, p. 155.   (*b*) The dedication was, therefore, to the county of St. Louis, not to the city of St. Louis.   (*c*) Under the laws of Missouri, in force at the time of the proceedings in partition, all county roads opened were expressly limited to be not less than twenty feet nor more than forty feet wide. R. S., 1845, ch. 151, sec. 153.   (*d*) The dedication by the commissioners was, therefore, valid only as to this western portion of sixty feet of Front street.   (3) The plat accompanying the commissioners' report shows that the Front street laid off by them was bounded on the east side by a straight line, and that the Front street was intended to be a street and not a wharf.   *McLaughlin v. Stevens,* 18 Ohio, 94; *Barclay v. Howell,* 6 Peters, 499;

*Smith v. Public Schools*, 30 Mo. 290; *Gravier v. New Orleans*, 2 Hall Law Jour. 441; *United States v. Chicago*, 7 How 185; *Lownsdale v. Portland*, 1 Deady, 39. (4) It, was the evident intention of the commissioners in partition to define the eastern boundary as a street. They so stated, and if it had been intended to convey a quay or wharf, such would have been stated. Under the dedication the line of the street is not the river, but a designated space, one hundred feet east of the lots fronting on Front street. The dedication to the public of a use of land for a public road must rest on the clear assent of the owner, in some way, to such dedication. (5) There being no statutory dedication of Front street (even if there be a common-law dedication) the fee did not pass, and any accretions to the street are the property of the dedicators of the easement.

*Leverett Bell* for respondent.

The city of St. Louis, as the owner in fee of Front street, is entitled to the accretions made to the street by the river. *New Orleans v. United States*, 10 Peters, 662; *Jones v. Soulard*, 24 How. 41; *St. Clair Co. v. Lovingston*, 23 Wall. 46; *Smith v. Public Schools*, 30 Mo. 290; *Benson v. Morrow*, 61 Mo. 345; *Campbell v. Laclede Co.*, 84 Mo. 352; *Buse v. Russell*, 86 Mo. 209.

NORTON, C. J.—This suit is by ejectment to recover the possession of certain land described in the petition, situated in the city of St. Louis, and the case is before us on defendants' appeal from the judgment rendered therein for plaintiff.

It appears, from the agreed statement of facts and evidence in the record, that, in a certain partition proceeding instituted in the circuit court of St. Louis county, to partition certain lands in said county, one boundary of which was the Mississippi river, commis-

sioners were appointed to make partition, and that, in June, 1852, they made their report, which was confirmed. This report shows, that, in pursuance of section 22, Revised Statutes, 1845, page 769, the commissioners, being of opinion that it was to the interest of the parties that the land should be divided into blocks and lots, and that streets and alleys should be laid out, this they caused to be done. The report shows that among the streets laid off was one called Front street, one hundred feet wide, the eastern side of which was bounded by the Mississippi river. It also appears that, since 1852, a strip of land has been added to the eastern boundary of said Front street by accretion. It is this strip of land which is in controversy. The plaintiff claims it in virtue of its ownership in fee of Front street. This claim the defendants resist, and insist that the land thus formed belongs to the parties in the partition proceedings and their successors in title, as being an undivided part of the original tracts.

Under section 6, Revised Statutes, 1845, page 1056, the law in force when Front street was dedicated to the public by the owners, through the report of the commissioners and its confirmation by the court, the fee became vested in the county of St. Louis, which title of the county was subsequently transferred to the city of St. Louis, by section 10 of the scheme of separation between the city and county. 2 R. S. 1879, p. 1565. That the owner of the lands bounded on one side by the Mississippi river is entitled to accretions made thereto, by the gradual filling up or receding of the river, is not an open question in this state. Land thus formed belongs to the riparian owner. *Campbell v. Laclede Gas Light Co.*, 84 Mo. 372 ; *Smith v. Public Schools*, 30 Mo. 290 ; *Le Beau v. Gaven*, 37 Mo. 556 ; *Benson v. Morrow*, 61 Mo. 345 ; *Board of Directors v. Risley*, 40 Mo. 357 ; *Buse v. Russell*, 86 Mo. 209.

Applying this legal principle to the facts admitted and proved, as hereinbefore stated, and the right of the city to recover possession of the strip of ground in question cannot be doubted.

Judgment is affirmed, in which all concur.