Opinion delivered March 13, 1888.

---

No. 2561.

TEXAS & NEW ORLEANS RAILWAY COMPANY *v.* MARY CROWDER ET AL.

1. DEPOSITIONS.—When the answer of a witness in a deposition is evasive in response to a question pertinent to the issue, and having for its object the ascertainment of the witness's means of knowledge, the deposition should be excluded.

2. CHARGE OF COURT.—A charge of court directed to an issue involved which gives the law correctly, but which in the opinion of the appellant's counsel should have been qualified to meet his theory of the case will not be cause for reversal when he has failed to ask the charge desired by him.

3. CHARGE OF COURT.—In an action against a railway company to recover damages for injuries that resulted in the death of plaintiff's minor son, the only connection in which the minority of the deceased can be considered is on an inquiry as to whether the railway company which employed him had used such care as his age and inexperience would render necessary. When the action is for the loss of services of the child the rule is different. See opinion for a charge in this regard held improper.

4. RES GESTÆ.—See opinion for declarations held not to constitute a part of the res gestæ.

5. CASES APPROVED.—On the subject of res gestæ, Waldell v. Railway
Company, 95 New York, 276; Martin v. Railway Company, 9 New Eng-
land Reporter, 505; State v. Estoupe, 1 Southern Reporter, 448, and
Mayes v. State, 1 Southern Reporter, 733, approved.

APPEAL from Harris. Tried below before the Hon. James
Masterson.

*W. N. Shaw* and *S. R. Perryman*, for appellant.

*F. F. Chew* and *W. P. Hamblen*, for appellee: As it is shown
by all the testimony that the appearance of the boy, Cohn, was
such as necessarily to indicate to the defendant's agents that he
was a minor, and further shown that he was employed by de-
fendant without the consent or knowledge of his parents, it,
was not necessary to disprove negligence on the part of the
boy, under the issues made by the pleadings and evidence in
this case, to entitle plaintiff to recover. (Railway v. Redeker,
67 Texas, 190, and authorities therein cited.)

The court did not err in the second paragraph of its charge
to the jury in what is therein stated about the minority of
George Cohn, the party killed, because that he was a minor,
and that the railway company's agents who employed him
could and should have known of his minority, was an issue in
the case, made so by the pleadings and the evidence, and said
charge was as favorable to defendant as it could reasonably
have asked. (Railway v. Redeker, 67 Texas, 190, and authori-
ties cited.)

The court did not err in admitting in evidence the declara-
tions of George Cohn, detailed by the witness Eli Birge, made
at the time and place of the injury, because same was part of
the res gestæ, being the immediate emanation of the act.
(City of Galveston v. Barbour, 62 Texas, 176, and the Missouri
case therein cited; Railway v. Shafer, 54 Texas, 648; Railway
v. Leverett, 3 S. W. Rep., 50, and numerous authorities therein
cited and discussed by the court; 1 Greenl. Ev., sec. 108.)

STAYTON, CHIEF JUSTICE. No witness was at the place where
the deceased was injured, and it became important to the
defendant to show the situations of persons who were tes-
tifying to facts on which the jury were expected to deter-
mine whether he was injured under such circumstances as
would make the appellant liable, and to show the means of

knowledge possessed by them. To this end, a witness who tes-
tified by deposition was asked: "How far were you from
Cohn when he was hurt, and was it day or night?"

His only answer to this was: "It was night when the acci-
dent happened, some time about eight o'clock."

The following interrogatory was also propounded to the wit-
ness: "Could you see, and did you see, what Cohn was doing
just at the time he was hurt? And do you know what he was
doing, or how it was he came to be injured?"

The answers to this cross interrogatory were: "I saw Cohn's
lamp at the time he was acting as brakeman. I know that he
was there at work as brakeman; he was run over by the cars."

There was a motion to exclude the deposition on the ground
that the cross interrogatories were not answered, and on the
ground that the answers were evasive, and the motion was
overruled.

In view of the facts shown, the questions were pertinent,
and if answered, would have shown the knowledge and means
of knowledge possessed by the witness which would have
enabled the jury to place the proper estimate on the general
statements made by him. His position with reference to the
place where the deceased was injured was important, for his
means of knowledge of facts testified to by him largely de-
pended upon that fact. The interrogatory that sought infor-
mation as to this he failed to answer at all, and there is noth-
ing in his answers to other interrogatories which gave the de-
sired information. Whether he could see and did see what
the deceased was doing just at the time he was hurt, was im-
portant, but he failed to state whether he could or did see him
at that time. His statement that he "saw Cohn's lamp at the
time he was acting as brakeman," was not an answer. He
may have seen the lamp but not the deceased, and the answer
does not even fix the time when he saw the lamp. Cohn was
night brakeman and the sight of the lamp may have been at
any time during the night while he was acting as brakeman.
This part of the answer was evasive as was the residue of it,
and we are of the opinion that the deposition should have been
excluded. The first paragraph of the charge was as follows:

1. "It is the duty of a railroad company to keep its tracks
and switches in good safe condition for use, and a neglect on
its part to perform this duty renders the railroad liable in dam-
ages to an employe receiving injuries from that cause whilst

in discharge of his duty without negligence on his part, and are in same manner liable to those entitled in case of death of the employe."

This was a correct general statement of the law applicable to the case made by the pleadings, and if the appellants' counsel was of the opinion that facts existed which would make it negligence for the deceased to attempt to make a coupling, knowing the track at the place to be in bad condition, a charge should have been asked that would have presented that phase of the case to the jury.

It is urged that the court erred in giving the following paragraph of the charge: "If the evidence convinces you that George Cohn was a minor son of plaintiff Mary Crowder, and was employed by defendant company, and if in the exercise of reasonable care and diligence, the railroad company's agents employing him could and should have known of his minority; and if you further find from the evidence that, whilst engaged in the capacity of brakeman, without negligence on his part, he was injured substantially as alleged in the petition, and if said injuries were caused to deceased by reason of the bad condition of defendant's tracks at place of injury, find for plaintiff and assess his damages."

This is an action brought by the appellee to recover damages for an injury that resulted in the death of her son, an employe of the appellant, and to entitle her to recover it was incumbent on her to show such facts as would have entitled her son to recover had he lived. Were he alive and plaintiff, the fact that he was a minor and employed by appellant with knowledge of that fact would not entitle him to recover, and the only respect in which his minority could be taken into consideration would be upon an inquiry as to whether the employer had used such care towards him as his years or inexperience would make necessary. (Railway Company v. Carlton, 60 Texas, 400; Railway Company v. Crowder, 61 Texas, 262; 63 Texas, 505.) Were this an action by a parent for the loss of services of a minor child, the rule would be as stated in Railway Company v. Redeker, 67 Texas, 190. Such, however, is not the character of this action. The effect of the charge complained of was to make it incumbent on the appellees to show such facts as would ordinarily fix liability on a master for an injury to a servant while in his employment, and in addition to this, the further fact that the deceased was a minor whose

age could and should have been known to the appellant. This imposed a burden on the appellees greater than the law imposes. In such a connection, as used in the charge, the fact of minority was irrelevant, and it ought to have been omitted.

A witness was permitted to state that the deceased, a short time after he was injured, in answer to an inquiry as to how he came to get hurt, said that "he jumped off the cars and went to make a coupling, but as he went to come out his leg got fastened under the rail; that he could not get it out, and they ran over him." We are of the opinion that his declaration was not res gestæ, and should have been excluded. (Waldell v. Railway Company, 95 New York, 276; Martin v. Railway Company, 9 N. E. Rep., 505; The State v. Estoupe, 1 S. Rep., 448; Mayes v. The State, 1 S. Rep., 733, this question is very fully discussed, and the authorities cited by Justice Clifford in Insurance Company v. Mosley, 8 Wallace, 409.)

There was evidence tending to show that the railway track was defective in such way as to render the work of a brakeman dangerous, and on the last trial there was evidence, not introduced on the first, tending to show that the deceased was injured while attempting to make a coupling, and the court did not err in refusing to instruct the jury to find a verdict for the defendant. The cause should be submitted to a jury, if one be demanded, under a charge which will enable them to consider all the facts tending to show the want of due care on the part of the appellant and the deceased.

For the errors noticed, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*