MISSOURI PACIFIC RAILWAY COMPANY V. ESTELLE KAISER.

No. 3054.

Fact Case — Damages. — The circumstances of two inexperienced girls unaccustomed to traveling suddenly ejected from a train at a small railway station where they were entire strangers, and contrary to provision made for their safety by their parents, were well calculated to arouse in their minds feelings of insecurity and danger. Such feelings can not be characterized as "supposed or anticipated." Such facts are a sufficient basis for a verdict and judgment for $300 damages at suit by one of the girls so treated.

APPEAL from Tarrant. Tried below before Hon. R. E. BECKHAM. The opinion states the case.

*Finch & Thompson,* for appellant.—A passenger negligently carried beyond her station, or put off short of it, without any circumstances of aggravation, or without receiving any personal injury, may recover for the inconveniences, loss of time, labor, and expense of traveling back, but not for anxiety and suspense of mind suffered in consequence of delay, nor the effect upon her health, nor danger to which she may be exposed in consequence of a train being stopped at a station an insufficient length of time, nor in consequence of stopping short of the desired destination. Trigg v. Railway, 41 Am. Rep., 305–308; Nelson v. Railway, 68 Mo., 593; Railway v. Aspall, 62 Am. Dec., 323; 5 Am. and Eng. Encyc. of Law, 42, 43, and notes; 2 Redf. on Rys., 262; 2 Wood Ry. Law, 1148, 1238.

*Ball, Wynne & McCart,* for appellee, suggested delay.

HENRY, ASSOCIATE JUSTICE.—This suit was brought by appellee to recover damages resulting from the failure of appellant to transport her as a passenger according to its agreement. The petition charged that when appellee was about 12 years of age, residing with her parents at Fort Worth, Texas, her father having made arrangements with the principal of a school taught at Lexington, Mo., to send her there, and also that the principal would meet her on her arrival at Kansas City, Mo., and take charge of her there and conduct her to Lexington, purchased a ticket for her from appellant's agent at Fort Worth by the way of Kansas City to Lexington, and placed her on appellant's train to be so transported; that instead of carrying plaintiff to Kansas City she was put off the train at Independence, and before reaching Kansas City; that plaintiff was inexperienced and wholly unprotected, and suffered greatly from fright and other mental hurts and discomforts.

The plaintiff introduced evidence tending to establish said allegations; that when her father placed her upon a sleeping car at Fort

Worth, on which she could go through to Kansas City without the necessity of making a change, he telegraphed to the principal of the school to meet her there, and there was evidence that the principal made arrangements to have her met there and cared for by a proper person; that the only company of the plaintiff was another girl of about her own age, who was going to the same school under the same circumstances; that both of the girls were strangers in the small town where they were put off, and strongly objected to being left there, and that they were greatly frightened and distressed on account of their unexpected and unprotected situation.

The evidence shows that if plaintiff had gone to Kansas City it would have been necessary for her to return later in the day over the same road to Independence, and from there travel on another road to Lexington on a train leaving there several hours after she was put off at that place. The evidence was that plaintiff was about 16 and her female companion about 18 years old. After plaintiff and her companion had remained about an hour at Independence, a stranger, who was acquainted with the principal of the school, discovered their destination and made himself known to them, and through his instrumentality the fact of their being there was made known about that time to the principal of the school, who was passing Independence on another train going to Kansas City, which train was stopped, and the plaintiff and her companion were taken charge of by the principal and conducted to their destination without further inconvenience.

Upon the verdict of a jury judgment for $300 was rendered for the plaintiff.

The evidence upon the issue as to whether the railway company contracted to take the plaintiff to Kansas City was conflicting. If it did not preponderate in favor of the plaintiff, it was still unquestionably sufficient to sustain the verdict.

The evidence of plaintiff's forcible ejection from the train was sufficient under the circumstances to support her complaint, even if no actual physical force was used against her.

It is contended that the court erred in refusing a special charge asked by the defendant to the effect that plaintiff could not recover for mental suffering arising from any supposed or anticipated danger, because there was no aggravation attending her leaving the train nor in the action of the conductor, and that such being the case she could only recover for inconveniences, loss of time, labor, and expense of reaching her destination.

We do not think that this charge should have been given. We do not think that the mental condition of the plaintiff can be properly considered as arising "from a supposed or anticipated danger." The circumstances of two inexperienced girls unaccustomed to traveling

suddenly ejected from a train at a small railway station where they were entire strangers, and contrary to provisions made for their safety by their careful parents, were well calculated to rouse in their minds feelings of insecurity and danger that would not have been properly characterized by referring to them in a charge as merely "supposed or anticipated."

The judgment is affirmed.

*Affirmed.*

Delivered November 6, 1891.