## THOMAS LEACH v. MOSES LEACH.

### No. 2018.

**Assault Without Battery—Damages—Mental Suffering.**

In a civil action for an assault upon a woman, damages may be recovered for the humiliation and mental distress occasioned to her thereby, although there was no battery.

ERROR from Tarrant.    Tried below before HON. S. P. GREENE.

*Byron Johnson,* for plaintiff in error.—1.    Damages can not be recovered for fright, humiliation, mental suffering, or distress where there is no physical injury, bodily pain, breach of contract, or injury, or damage to property. Railway v. Trott, 86 Texas, 412; Ewing v. Railway, 14 La. Ann., 666; Wyman v. Leavit, 71 Maine, 227; Railway v. McGinnis, 46 Kan., 109; 85 Ill., 331; 6 Nevada, 224.

*Parker, Gillespie & Smith,* (for defendant in error).—Where the tortious act complained of is an infringement on a legal right, damage on account of mental suffering may be recovered, if such damage is the direct, proximate and natural result of the wrong complained of, although there be no physical contact and no other element of actual damage.   Larson v. Chase, 50 N. W. Rep., 238; Beach v. Hancock, 27 N. H., 228; Phelps v. Cogswell, 70 Cal., 201; Helderbrand v. McCrum, 101 Ind., 61; Bigaolittle v. Pautel, 134 Mass., 193; Moore v. Thompson, 52 N. W. Rep., 1000; Broome on Com. Law, 417, 453.

STEPHENS, ASSOCIATE JUSTICE.—One count of the petition filed against Thomas Leach in this case charged him with an assault upon the wife of Moses Leach (his nephew) with intent to have carnal knowledge of her.   The charge submitting this issue is complained of, in that it authorized the jury, in assessing the damages, to take into consideration the humiliation and distress suffered by her by reason of such unlawful assault, though unaccompanied with any battery.   It is insisted that the Trott case (86 Texas, 412) is authority for the proposition that, without a battery, no such injury results to the person from an assault as will warrant the recovery of compensation for mental suffering.

Such misinterpretation of that decision seems to us as clearly inadmissible as the proposition itself is unreasonable.   An assault and an assault and battery violate alike the right of personal security, and are attended with like injuries to the person, differing only in the extent thereof.   This right may be violated and the person injured without touching the body.   False imprisonment is usually effected by means of an assault without a battery, and yet it is as old as the action itself to allow damage as compensation for the humiliation involved.   1 Sedgwick on Damages (8 ed.), sec. 43.

It is too plain for argument, we think, that a willful violator of woman's most sacred right of personal security, such as the verdict finds plaintiff in error to have been, though her body be not touched except by his foul breath and speech, should respond in damages for an outrage to her feelings which proceeds so directly from his concurrent criminal purpose and act.

No other questions are sufficiently briefed to call for a decision of them.

The judgment is therefore affirmed.

*Affirmed.*

Delivered Dec. 14, 1895.

TARLTON, Chief Justice, did not sit in this case.

Writ of error refused.