## Texas & Pacific Railway Company v. H. W. Armstrong.

### No. 806. Decided June 22, 1899.

**Damages—Mental Suffering—Passenger Carrier—Wrong Ticket.**

Mental suffering occasioned to a woman, unused to traveling alone, by having to stop over in a strange town to wait for money and for the correction of her ticket, made out over wrong route and to wrong destination by mistake of the ticket agent, is an element of damages recoverable for such wrong. (P. 34.)

Question certified from the Court of Civil Appeals for the Third District, in an appeal from Lamar County.

*T. J. Freeman* and *Head, Dillard & Muse,* for appellant.—Where a railway company through mistake, unaccompanied by elements of tort, unfair dealing, or oppression, sells a ticket to a traveler to the wrong station, it is, at most, but a breach of the implied contract to furnish the traveler with a proper ticket, and damages for mental suffering because of a failure to do so, or because of a delay while waiting for another ticket, are not recoverable. Williams v. Yoe, 46 S. W. Rep., 659; Trawick v. Martin Brown Co., 79 Texas, 460; Crawford v. Doggett, 82 Texas, 139; Railway v. Trott, 86 Texas, 412; Railway v. Campbell, 1 Texas Civ. App., 509; Hansley v. Railway, 115 N. C., 602; Railway v. Armstrong, 38 S. W. Rep., 368; Russell v. Railway, 35 S. W. Rep., 724; Railway v. Groesbeck, 24 S. W. Rep., 702.

We lay down this rule, and think no case can be found in the reports of the Supreme Court to controvert it: When damages for mental

anguish, disconnected from physical hurt, are allowed in favor of a passenger against a carrier, there must be either, first, a tort committed against the passenger, or second, a breach of contract with circumstances of aggravation. We think no case can be found in which damages have been allowed for mere breach of contract unaccompanied by any circumstances of aggravation or unattended by any physical injury. But even if we are wrong in this, surely there must at least be a breach of a contract actually entered into, and not merely a mistake honestly made upon the part of the railway in determining the point to which the passenger desires to go, even though it be preliminary to making the contract.

We know that our Supreme Court has declared that it will not follow a rule so narrow as that laid down by the English courts in determining what damages proximately follow the wrongful ejection of a passenger. We know too, however, that they have declared that they do not wish to extend the rule allowing damages from mental suffering. If the court holds that damages can be recovered for mental anguish in this case, it seems to us that they are going one step further than has yet been taken in allowing such damages. In this connection we would invite the court's careful attention to the cases of Hobbs v. Railway, L. R. 10 Q. B., 111; Hamlin v. Railway, 1 H. & N., 408; Walsh v. Railway, 42 Wis., 23; Railway v. O'Conner, 76 Md., 207.

*W. S. Moore* and *Dudley & Dudley,* for appellee.—The case having been tried in accordance with the opinion on former appeal (41 Southwestern Reporter, 833), and direct evidence introduced showing the mental anguish and distress of appellee's wife, the law thus announced is the law of the case, and conclusive on this appeal. Adams v. Fisher, 75 Texas, 657; Wells on Res Adjud. and Stare Decisis, sec. 613.

Besides, mental anguish is an element of actual damages in such cases as this. Railway v. Kaiser, 82 Texas, 144; Railway v. Gilbert, 64 Texas, 536; Railway v. Smith, Tyler term, 1886; Railway v. Wilkes, 68 Texas, 617; Railway v. Cullen, 30 S. W. Rep., 578.

BROWN, ASSOCIATE JUSTICE.—The Court of Civil Appeals for the Third Supreme Judicial District has certified the question hereinafter stated for our consideration. The court sets out in full the evidence of the plaintiff and his wife, from which we make the following statement as being sufficient upon which to predicate our answer:

H. W. Armstrong resided with his wife and family in the city of Paris, Texas, prior to and on July 3, 1895, and on that day he applied to the agent of the appellant at Paris for a ticket for his wife to visit her mother who lived in Oklahoma Territory, her postoffice being Curtis. Neither Armstrong nor his wife knew whether Curtis was in Texas or near the line, but they knew that the mother lived in Oklahoma Territory, and that the nearest railroad station was called Tucker, but did not know on what road it was. The evidence showed that Tucker and

Curtis were both stations in Oklahoma Territory on the Atchison, Topeka & Santa Fe Railroad. The evidence of the plaintiff and his wife tended to prove the following facts, which, however, were in some material points disputed by the testimony of the defendant. When Armstrong called upon the agent of the Texas & Pacific Railroad Company, he stated to him in substance that his wife desired to visit her mother, who lived in Oklahoma Territory; that her postoffice was Curtis and the nearest railroad station was called Tucker, but that he (Armstrong) did not know whether Curtis or Tucker was in Texas or in Oklahoma. He stated that his wife was not accustomed to traveling; that she would have her children with her, and he desired to get a ticket over the best and quickest route to the point nearest to where her mother lived. The agent of the railway company examined his maps and stated to Armstrong that there was no such station as Tucker, or it was a flag-station and not marked on the map, but that Newlin, in Hall County, Texas, was the nearest station to Curtis. Newlin was a station on the Fort Worth & Denver City Railroad, and was a considerable distance from where Mrs. Armstrong's mother resided. Some days after this, Armstrong, with his wife and children, went to the depot of the Texas & Pacific Railroad at Paris, Texas, and told the agent that he wanted a ticket for his wife, as he had before notified him, to visit her mother in Oklahoma Territory, and the agent of the railway company issued and delivered to Armstrong, for his wife, a ticket over the Texas & Pacific Railroad to Whitesboro, Texas, thence over the Missouri, Kansas & Texas Railroad to Henrietta, Texas, thence over the Fort Worth & Denver City Railroad to Newlin, Texas. The ticket should have been issued for a route over the same roads to Gainesville, Texas, thence north over the Gulf, Colorado & Santa Fe and the Atchison, Topeka & Santa Fe to Winfield, Kansas, and thence westward over the Atchison, Topeka & Santa Fe to the station known as Tucker. Mrs. Armstrong, with her children, took the train at Paris on the appellant's road provided with lunch and money enough to carry her to the place of her destination, if she had been provided with a proper ticket, which place she would have reached on the next afternoon at 3 p. m. After passing Gainesville and just before she reached the town of Henrietta, Mrs. Armstrong learned that her ticket was improperly issued to Newlin, and she stopped at Henrietta, where she remained from Tuesday afternoon until Sunday, during which time she succeeded in getting the rebate on the ticket not used over the Fort Worth & Denver City Railroad and some money from her husband. When she stopped at Henrietta, she had no money with which to pay her hotel bill, and was a stranger in the town without any experience in traveling, and was compelled to ask a hotel man to keep her and her children until she could get money with which to pay her bill. She was greatly harassed, mortified, and annoyed by the situation, and did not know what to do to relieve herself of the embarrassment. Mrs. Armstrong finally resumed her trip and made her visit.

H. W. Armstrong brought suit in Lamar County against the Texas & Pacific Railway Company for damages occasioned to his wife by reason of the delay and vexation caused to her by the negligence of the agent of the railroad company in selling her the ticket by the wrong route.

Among other things the trial court charged the jury as follows: "If you find a verdict for the plaintiff, you will, in assessing his damages, consider any additional expenses necessarily incurred by plaintiff and any mental pain, anxiety, or distress suffered by his wife which you may find from the evidence to have been the direct result of negligence on the part of defendant in selling plaintiff a ticket to the wrong station, and only assess as actual damages such amount as will, in your judgment, reasonably compensate plaintiff therefor."

The Court of Civil Appeals has certified the following question: "Among other questions presented for decision, appellant has assigned as error that portion of the court's charge which allows the plaintiff to recover compensation for mental pain, anxiety, or distress suffered by his wife; and whether or not it was error to give this charge, the Court of Civil Appeals for the Third District certifies to the Supreme Court for decision. The pleadings presented this question."

The District Court did not err in giving the charge set out above. If the mental pain, anxiety, and distress were caused proximately by the negligent act of the agent of the railway company for which that company was liable, then the mental suffering, anxiety, and distress were proper elements of actual damages to be considered by the jury in arriving at the amount of their verdict. International, etc., Railway Co. v. Gilbert, 64 Texas, 541; Galveston, etc., Railway Co. v. Crispi, 73 Texas, 236; International, etc., Railway Co. v. Terry, 62 Texas, 380; Mo. Pac. Railway Co. v. Kaiser, 82 Texas, 144.

We are not able to distinguish this case, upon principle, from the numerous cases decided by this court in which it has held mental anguish to be a proper subject of consideration in the assessment of damages under circumstances similar to those disclosed in the present case. The case of Railway Company v. Kaiser, cited above, is especially similar to this case in its facts. We are not prepared to overrule these decisions.