MISSOURI, KANSAS & TEXAS RAILWAY COMPANY OF TEXAS v.
T. J. TARWATER.

Decided June 20, 1903.

1.—Mental Suffering—Carrier of Passengers—Damages.

A carrier of passengers is liable for mental suffering caused by its wrongful ejections of a passenger from its train, although no physical injury was done.

2.—Evidence—Custom—Carrier of Passengers.

Where plaintiff, himself an old trackman, sued a railway company for wrongful ejection from a train after tender of fare to the conductor, evidence was not admissible to show that it was the custom of defendant's conductor to permit old trackmen to ride without paying fare.

3.—Same—Res Gestae—Ejectment of Passenger.

Where plaintiff was ejected from a train, and after the train had been gone five or ten minutes and he had walked back some fifty yards, his statement, made then in answer to a question, that "the conductor had put him off after he had offered to pay his fare," was not res gestae.

Appeal from the County Court of Montague. Tried below before Hon. W. W. Cook.

*H. W. Hunt,* for appellant.

*A. L. Scott* and *Smith & Walker,* for appellee.

SPEER, ASSOCIATE JUSTICE.—This appeal is prosecuted from a verdict and judgment in the county court in favor of appellee for the sum of $150, for mental suffering occasioned him by being ejected from one of appellant's trains after he had tendered to the conductor the necessary fare for transportation.

We think the complaint states a cause of action, although the mental suffering was not accompanied with any physical injury. The case is not analogous to Gulf C. & S. F. Ry. Co. v. Trott, 86 Texas, 412, 25 S. W. Rep., 419, and that line of authorities, but is ruled by the principles announced in Missouri P. Ry. Co. v. Kaiser, 82 Texas, 144; Texas & P. Ry. Co. v. Armstrong, 51 S. W. Rep., 835; Texas & P. Ry. Co. v. Jones, 39 S. W. Rep., 124; Texas & P. Ry. Co. v. Gott, 50 S. W. Rep., 193; Leach v. Leach, 11 Texas Civ. App., 699, 33 S. W. Rep., 703; International & G. N. Ry. Co. v. Anconda, 5 Texas Ct. Rep., 289; Texas & P. Ry. Co. v. Dennis, 4 Texas Civ. App., 90, and the many other cases to the same effect that might be cited.

We think the court erred, however, in admitting, over the objection of appellant, the testimony of appellee that it was the custom of appellant's conductors to permit old trackmen to ride on its trains without paying fare. The custom of appellant's conductors in this respect could not alter the legal rights of the parties in the matter at issue, and the question was an improper one for the consideration of the jury. It can easily be seen how the consideration of such an apparently unjusti-

fiable discrimination against appellee, who was "an old trackman," might unduly affect the verdict of the jury, in giving damages. See Missouri P. Ry. Co. v. Fagan, 72 Texas, 127.

The admission in evidence of the conversation between appellee and the witness Fitch was also error. It was not res gestae. The statement of appellee in response to Fitch's query if they had put him off the train, that "the conductor had put him off of the train after he had offered to pay his fare at 4 cents per mile," was but a narrative of a past and completed transaction. The appellee had alighted from the train, the train had gone, and he had walked back some fifty yards, and some five or ten minutes had elapsed. The circumstances do not exclude the idea that his statement was not an afterthought, or indicate that it was a spontaneous expression occurring so nearly contemporaneous with the transaction as to be descriptive of it. The error is accentuated when it is remembered that the vital issue in the case was whether or not appellee had tendered his fare to the conductor. See Pilkinton v. Railway, 70 Texas, 226; Texas & P. Ry. Co. v. Barron, 78 Texas, 421, 14 S. W. Rep., 698; Texas & N. O. Ry. Co. v. Crowder, 70 Texas, 222, 7 S. W. Rep., 709; Gulf C. & S. F. Ry. Co. v. Moore, 69 Texas, 157; Leahey v. Railway Co., 10 S. W. Rep., 58; Louisville & N. Ry. Co. v. Pearson, 12 So. Rep., 176; Richmond & D. Ry. Co. v. Hammond, 9 So. Rep., 577.

The other assignments are without merit and are overruled. Reversed and remanded.

*Reversed and remanded.*