WESTERN UNION TELEGRAPH CO. v.
BOWDOIN. (No. 5304.)

(Court of Civil Appeals of Texas. San Antonio,
June 3, 1914. Rehearing Denied July 1,
1914.)

1. MASTER AND SERVANT (§ 330*)—TORTS OF
SERVANT—ACTIONS—SUFFICIENCY OF EVI-
DENCE.

Evidence, in an action against a telegraph
company for an assault committed by an opera-
tor making a threatening demonstration and in-
sulting a lady in a dispute about the transmis-
sion of some money by the company, *held* suffi-
cient to support a verdict for the plaintiff in the
sum of $300.

[Ed. Note.—For other cases, see Master and
Servant, Cent. Dig. §§ 1270–1272; Dec. Dig.
§ 330.*]

2. ASSAULT AND BATTERY (§ 2*)—CIVIL LIA-
BILITY—ACTS CONSTITUTING—"ASSAULT."

Drawing back or lifting the arm to strike
one who could have been hit had she not stepped
out of the way constituted an assault, within
Pen. Code 1911, art. 1008, declaring that any at-
tempt to commit a battery or threatening ges-
ture, made with the immediate intention and
ability to commit a battery, is an "assault."

[Ed. Note.—For other cases, see Assault and
Battery, Cent. Dig. § 1; Dec. Dig. § 2.*

For other definitions, see Words and Phrases,
vol. 1, pp. 532–538; vol. 8, p. 7582.]

3. ASSAULT AND BATTERY (§ 38*)—DAMAGES—
ASSAULT BY SERVANT.

Damages could be recovered for pain and
mental suffering caused by an assault without
a battery, with the remark that the person as-
saulted was "poor white trash," and the injury
was not lessened because it was not intended to
be heard by the person assaulted.

[Ed. Note.—For other cases, see Assault and
Battery, Cent. Dig. § 53; Dec. Dig. § 38.*]

Appeal from District Court, Guadalupe
County; M. Kennon, Judge.

Action by B. F. Bowdoin against the West-
ern Union Telegraph Company. Judgment
for plaintiff, and defendant appeals. Affirmed.

J. B. Dibrell and Emil Mosheim, both of
Seguin, for appellant. Jas. A. Harley, H. H.
Weinert, and H. E. Short, all of Seguin, for
appellee.

CARL, J. B. F. Bowdoin brought this suit
against the Western Union Telegraph Com-
pany to recover damages for injuries alleged
to have been inflicted on his wife by reason
of the fact that appellant's agent at Seguin,

a woman, and downtown local telegraph
operator, on or about January 15, 1912, said
to appellee's wife and her companion, in ap-
pellant's office:

"I did not know such a thing as you lived in
the world. You are both fools and have no
sense. You are poor white trash, and the tel-
egraph company is too big for you to sue."

It is claimed that the lady agent then drew
back or lifted her arm to strike Mrs. Bow-
doin, who could have been hit had she not
stepped out of the way. The petition charges
that, by reason of the treatment so received
and the fright and shock, Mrs. Bowdoin be-
came ill and had suffered serious mental and
physical pain and damage in the sum of $600.

The appellant denied the allegations, and,
upon a trial before a jury, a verdict was re-
turned, upon which judgment was entered
for the sum of $300. From this judgment
the telegraph company has appealed.

[1] The first, second, and fourth assign-
ments deal with the refusal of the court to
sustain a general demurrer, refused to in-
struct for the defendant, and that the verdict
is not supported by the evidence. They will
therefore be treated together.

Mrs. Gill, who lived in San Antonio, had
been staying in Seguin, and her husband had
on Thursday sent her some money by the
telegraph company for the purpose of paying
her fare home. This was January 11, 1912,
and it was four days later when Mrs. Gill,
together with Mrs. Bowdoin, went to the
office to get it, when the difficulty occurred.
Mrs. Bowdoin claimed that the notice of the
arrival of the money was not mailed until
4:30 Saturday, and that they did not get it
until Monday. Mrs. Bowdoin said to the
agent, Mrs. Allen:

"I think you treated this little lady wrong.
She is here on expenses, and her expenses are
going on all the time, and her husband forward-
ed her just enough money to pay them up until
Thursday night."

To this, it is claimed, Mrs. Allen replied:

"What do I care if she had been there a
year; it was nothing to me. What do I care
if her expenses are going on?"

And she then said:

"Get out of here," and "raised up her fist as
if she was going to strike me over the head."
"She said: 'Get out of here, you poor white

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes
168 S.W.—1

trash; you ain't nothing but ignorant fools; I can't learn you nothing and can't tell you nothing. I don't want no more to do with you.'"

At this point, it is claimed the assault was made on Mrs. Bowdoin by Mrs. Allen; it being at the counter or desk in the telegraph office.

Mrs. Allen admits that she made substantially the statements charged, but claims that the two ladies had left the office after getting the money and had gotten Dr. Myers to come up to see her about getting the notice about the money which Mrs. Allen had kept, and were at that time not in the office. She says she made the statements to Dr. Myers, not knowing that the other ladies were standing just outside the door listening, and did not intend that they should hear it. But, as soon as the statements were made, Mrs. Bowdoin stepped into the room and said:

"Never mind, madam, I will make you suffer for this."

Mrs. Gill said nothing. Mrs. Allen says that she stated to Dr. Myers:

"I should judge from what they say that they are some poor white trash, trying to get a case against the company."

She denies that she made any demonstration whatever.

Dr. Wm. Myers is the postmaster at Seguin, and the post office is under the telegraph office. Mrs. Gill and Mrs. Bowdoin got him to go up to see Mrs. Allen to get the envelope in which the notice of the arrival of the money was sent and which Mrs. Allen had retained. He went and stated his business to the agent. He says Mrs. Allen told him:

"No, you don't understand that; this is my property; that belongs to me; this is my business. And I explained it to these ladies, and these ladies don't seem to understand it; they are poor ignorant people, common white trash."

And he says she said it in a "slighting manner, as if she was slighting them." He did not know they were at the door. There was evidence that Mrs. Bowdoin was ill for about two months, as a result of the trouble, and since has been subject to nervous attacks and breakdowns. Mrs. Allen says she did not intend that the ladies should hear what she stated to Dr. Myers and did not know they were at the door.

[2] "Any attempt to commit a battery, or any threatening gesture showing, in itself or by words accompanying it, an immediate intention, coupled with an ability to commit a battery, is an assault." Penal Code, art. 1008 (587).

[3] It has been held that damages may be recovered for pain and mental distress, where an assault was committed, although there was not battery. Leach v. Leach, 11 Tex. Civ. App. 699, 33 S. W. 703, which case was affirmed by the Supreme Court without an opinion, 93 Tex. 666; Lonergan v. Wm. Small & Co., 81 Kan. 48, 105 Pac. 27, 25 L. R. A. (N. S.) 976. Lonergan v. Wm. Small & Co. Case, supra, is a well-considered case.

In Davidson v. Lee, 139 S. W. 907, Judge Pleasants says:

"The rule that damages cannot be recovered for mental suffering, unaccompanied by physical injury, is not applicable, when the wrong complained of is a willful one, intended by the wrongdoer to wound the feelings and produce mental anguish and suffering, or from which such result should be reasonably anticipated, as a natural consequence."

See, also, Perkins Bros. Co. v. Anderson, 155 S. W. 556.

The wife of appellee had a right to go to appellant's place of business, and the company's agents and servants owed her civil treatment. The language used to her, or concerning her, if we adopt Mrs. Allen's theory, was the most insulting that could be used. Granted that it was not intended that Mrs. Bowdoin should hear it, that does not alter the fact that Mrs. Allen offered to her the must cutting insult that could have been made to a lady not in good circumstances in life. To be poor is felt keenly enough by any one; and then to be called "poor white trash" is more than human nature, with any degree of self-respect, should be expected to stand. A blow upon the person would be nothing as compared to the humiliation occasioned by an insult such as is shown to have been offered in this case. And we are unable to see how the injury is lessened by the fact that Mrs. Allen did not think Mrs. Bowdoin heard the insulting remarks. The whole matter has been passed upon by a jury, and we think the petition showed a cause of action and the proof sustained the allegations. These three assignments are overruled.

The second assignment is without merit, and is likewise overruled.

The judgment is affirmed.