**LANCASTER et al. v. USSERY. (No. 1462.)**

(Court of Civil Appeals of Texas. El Paso. April 12, 1923.)

**1. Assault and battery ⬤≈29—In civil action exclusion of evidence of assailant's reputation not error.**

In a civil action for assault and battery, the exclusion of testimony as to the reputation of one making the assault is not error.

**2. Assault and battery ⬤≈40—Award of $375 for mental anguish not excessive.**

In an action against the receivers of a railway company to recover damages for an assault and battery by defendant's agent in a depot, an award of $375 for mental anguish *held* not excessive, though no physical injury proven.

Harper, C. J., dissenting in part.

Appeal from District Court, Taylor County; W. R. Ely, Judge.

Action by J. B. Ussery against J. L. Lancaster and others, as receivers of the Texas & Pacific Railway Company. Judgment for plaintiff, and defendants appeal. Affirmed.

Wagstaff, Harwell & Wagstaff, of Abilene, for appellants.

Ben L. Cox, of Abilene, for appellee.

HARPER, C. J. This action was instituted by J. B. Ussery against the receivers of the Texas & Pacific Railway Company for damages in the sum of $2,500 for an assault and battery under the following allegations:

"That he had entered the station at Baird, Tex., for the purpose of purchasing a ticket and taking passage on defendant's train to Abilene, Tex.; * * * that while in the station waiting for the train the defendant's agent and employee, Joe Tisdale, * * * ordered plaintiff to get out of the station; that he did not comply; * * * thereupon said Tisdale assaulted this plaintiff, struck him, and inflicted upon him physical violence, and again ordered him to get out of the station; that he remained in the station, purchased a ticket and took the train to Abilene;" that the assault was unlawful and maliciously perpetrated by the defendant's agent while acting within the scope of his authority; that the assault was committed in the presence of numerous passengers; that he therefore suffered great humiliation and mortification as well as pain.

The defendant answered by general demurrer and general denial.

Tried to a jury. Verdict and judgment for $375, from which an appeal by the receivers.

[1] The first proposition is that the court erred in excluding the testimony of a witness to the effect that the reputation of Joe Tisdale, defendant's agent, as to being a careful, prudent, and peaceable officer, was good. This was not error.

In civil actions for damages for assault the reputation of the assaulting party is not an issue. Shook v. Peters, 59 Tex. 393.

[2] The next and only other assignment is that "in civil action for assault and battery where no physical injury is proven a recovery of $375 for mental anguish under the facts of this case is excessive."

The writer is of the opinion that under the facts of this case appellee should recover nominal damages, and no more. But the majority are of the opinion that under all the facts the verdict is not excessive. Tel. Co. v. Bowdoin (Tex. Civ. App.) 168 S. W. 1; Leach v. Leach, 11 Tex. Civ. App. 699, 33 S. W. 703; Railway v. Tarwater, 33 Tex. Civ. App. 116, 75 S. W. 937.

It can serve no good purpose to quote it.

Affirmed.