STATE of Missouri, Respondent,

v.

William Cullen BRIDGES, Appellant.

No. 51890.

Supreme Court of Missouri,
Division No. 1.

Feb. 13, 1967.

Motion for Rehearing Denied March 13, 1967.

David M. Grant, St. Louis, for appellant.

Norman H. Anderson, Atty. Gen., Jefferson City, Ben Ely, Jr., Sp. Asst. Atty. Gen., St. Louis, for respondent.

HOUSER, Commissioner.

This is an appeal by William Cullen Bridges, a licensed physician, who was indicted under § 559.100 [1] and convicted by a jury of manslaughter, by procuring an abortion on Rose Davenport, a pregnant 13-year-old female.

The first question is whether the indictment is sufficient to support this conviction. Under Criminal Rule 28.02, V.A.M.R. this Court is required to render judgment on the sufficiency of the indictment upon the record before us, whether or not the question is raised by assignment of error. (*It was raised* by defendant by a preliminary motion to dismiss the indictment on the ground that it failed to charge affirmatively or in a negative way every fact necessary to constitute the essential elements of

I. All section references are to RSMo 1959, V.A.M.S., except where otherwise noted.

the crime. The motion to dismiss was heard in the assignment division of the circuit court and overruled. The point was raised a second time in assignment of error number one in defendant's motion for a new trial and again overruled.)

The judgment of conviction must be reversed because the indictment is fatally defective.

The pertinent part of § 559.100 follows:

"Any person who, with intent to produce or promote a miscarriage or abortion, * * * uses upon [a woman] * * * any instrument * * * to produce a miscarriage or abortion (*unless the same is necessary to preserve her life* or that of an unborn child, * * *), shall, in event of the death of said woman, * * * being thereby occasioned, upon conviction be adjudged guilty of manslaughter, * * *." (Emphasis ours.)

The indictment charged that defendant, between August 1 and 7, 1964, in the City of St. Louis, "in and upon the body of one ROSE DAVENPORT, she the said ROSE DAVENPORT being then and there pregnant, unlawfully, wilfully and feloniously did then and there employ, use, insert, thrust and force a certain instrument, the exact nature and description of which is to this informant unknown, into the body, private parts and womb of her, the said ROSE DAVENPORT: that the said WILLIAM CULLEN BRIDGES was a duly licensed physician and that a miscarriage and abortion was not then and there necessary to preserve the life of an unborn child of which said ROSE DAVENPORT was then and there pregnant, as aforesaid; that by means and in consequence of the unlawful, wilful and felonious use and employment of said instrument by the said WILLIAM CULLEN BRIDGES in and upon the body, private parts and womb of the said ROSE DAVENPORT, as aforesaid, she, the said ROSE DAVENPORT, then and there became and was greatly injured, wounded and mortally diseased of her body and then and there did die on the 7th day of August, 1964 of the said injury, wound and mortal disease; contrary to the form of the Statute in such case made and provided, and against the peace and dignity of the State."

The indictment fails to allege that the abortion was not necessary to preserve the life of Rose Davenport, as required by the wording of § 559.100 above italicized, and thus fails to negative one of the exceptions contained in the statute defining the offense. The same situation confronted this Court in State v. Meek, 70 Mo. 355, in which case this Court stated, 70 Mo. 1. c. 357:

"All the authorities agree that when the exception constitutes a part of the description of the offense sought to be charged, the indictment must negative the exception, otherwise no offense is charged. State v. Shiflett, 20 Mo. 415; State v. Sutton, 24 Mo. 377; Commonwealth v. Hart, 11 Cush. [Mass.] 130; State v. Barker, 18 Vt. 195. An indictment which should charge simply that the defendant produced an abortion, would charge no offense under the statute; for abortion is an offense only when it is not necessary, and is not advised by a physician to be necessary to save the life of the mother. For the same reason it would be insufficient to charge only that abortion was produced when it was unnecessary to save the life of the mother, as it may have been advised by a physician to be necessary to save the mother's life, although in fact it was not so necessary; and in that event the statute declares that the person producing it is guilty of no crime. It is manifest, therefore, that when the exceptions are contained in the cause of the statute defining the offense and constitute a part of the description, the exceptions must be negatived."

State v. Meek, supra, has been cited with approval on this proposition for nearly 90 years. It is firmly embedded in the case law of this state. State v. O'Brien, 74 Mo. 549; State v. Casto, 231 Mo. 398, 132 S.W. 1115 [3]; State v. De Groat, 259 Mo. 364,

168 S.W. 702; State v. Ackley, Mo.Sup., 183 S.W. 291 [1] (in which the state conceded that an information was fatally defective in not stating that the operation was necessary to save the life of an unborn child); State v. Mikel, Mo.Sup., 278 S.W. 670. Perhaps the most often quoted statement of the rule and its qualifications is that of Judge Faris in State v. De Groat, supra, 168 S.W., 1. c. 705:

■ "The general rule as to the contents of an indictment which charges an offense, to which there are exceptions negativing guilt, is that all such exceptions must be pleaded in the indictment when they occur as parts of the statutory definition of the offense, in all cases where, if such exceptions be omitted, the offense cannot be accurately described. State v. Meek, 70 Mo. 355, 35 Am.Rep. 427; State v. Bockstruck, 136 Mo. 335, 351, 38 S.W. 317; 1 R.C.L. 80; State v. Casto, 231 Mo. 398, 132 S.W. 1115; State v. Longstreth, 19 N.D. 268, 121 N.W. 1114, Ann.Cas.1912D, 1317; State v. Wells, 35 Utah 400, 100 P. 681, 136 Am.St. Rep. 1059, 19 Ann.Cas. 631. But where such exceptions are not a part of the statutory definition of the crime, where they are contained in distinct and independent clauses of the statute, or in separate sections, it is not usually necessary either to plead them or to prove them. Such exceptions are pure matters of affirmative defense. State v. O'Brien, 74 Mo. 549; State v. Doerring, 194 Mo. 398, 92 S.W. 489. There is no doubt that both by these rules and by stare decisis abortion falls, pursuant to the statute defining it, into the first category. State v. Casto, supra; State v. Meek, supra."

In State v. Mikel, supra, an information charging manslaughter by abortion failed to negative the statutory exception "if such person is not a duly licensed physician, unless the said act has been advised by a duly licensed physician to be necessary for such a purpose." After quoting the above authorities the court went on to say, 278 S.W., 1. c. 671:

■ "The information in the instant case does not charge the defendant with a criminal abortion, in that it fails to negative the exception referred to which is a part of the statute defining the offense. Other assignments of error need not be considered. The judgment is reversed and the cause remanded in order that the information may be amended if the prosecuting attorney shall be so advised."

Informations charging manslaughter by abortion which are sufficient in form and substance always contain an allegation negativing the exceptions. See State v. Dargatz, 244 Mo. 218, 148 S.W. 889; State v. Goodson, 299 Mo. 321, 252 S.W. 389; State v. Anderson, 298 Mo. 382, 250 S.W. 68.

These previous decisions control the question now before us.

The principle that exceptions must be pleaded in the indictment or information when they occur as parts of the statutory definition of the offense has been applied in numerous cases. See State v. Pilkinton, Mo.App., 310 S.W.2d 304, 1. c. 308. And see its recent application in State v. Holbert, Mo.App., 399 S.W.2d 142. Examples of exceptions or provisos which need not be negatived are to be found in State v. Zammar, Mo.Sup., 305 S.W.2d 441, and State v. Brown, 306 Mo. 532, 267 S.W. 864, and cases cited therein.

■ The state concedes that "Properly such an allegation should have been included" and that "Generally, such exceptions should be negatived in an indictment or information," but contends that its omission in this case does not make the indictment fatally defective because the indictment charges that the abortion was done *unlawfully and feloniously*, words which the state argues necessarily imply that the exception was absent. The only authority cited in support of this argument is the statement in 27 Am.Jur., Indictments and Informations, § 107, p. 667, that "The rule requiring an exception to be negatived does

not apply to a case where the charge preferred necessarily and conclusively imports a negative of the exceptions." It does not follow, however, from the fact that the abortion was unlawful and felonious that the abortion was not necessary to save the *mother's* life. The necessity *might exist* and the act yet be unlawful and felonious by reason of the manner in which the defendant performed the act. A charge that the act was done unlawfully and feloniously does not supply the missing required allegation that the abortion was not necessary to preserve her life.

 We have considered whether the defect was cured by the statute of jeofails, § 545.030; Criminal Rule 24.11, but it is plain that that statute and rule cannot save this indictment. As stated in State v. Meek, supra, 70 Mo., 1. c. 358, "[t]he statute of jeofails * * * was intended to apply only to immaterial averments, such as are not necessary constituents of the crime charged and need not in any way be made to appear. The exception we are considering is a part of the description of the offense, and, therefore, material."

We have also considered whether the defect may have been cured by the verdict, see 15A Missouri Digest, Indictment and Information, ☞202, but the rule that an indictment will not be held bad after verdict has no application where the indictment fails in some essential averment necessary in the description of the crime charged. State v. Biven, Mo.Sup., 151 S.W.2d 1114, and cases cited 151 S.W.2d, 1. c. 1118. The averment missing in this case is essential. A verdict is ineffective to supply the omitted essential elements of a statutory offense. State v. Watson, 356 Mo. 590, 202 S.W.2d 784, 787.

The indictment being fatally defective the judgment must be reversed and we need not consider the other assignments of error. Since the offense is not yet barred by limitations we order the cause remanded to give the circuit attorney an opportunity to file a substitute information properly charging the offense, § 545.300, if he is so advised.

Reversed and remanded.

WELBORN and HIGGINS, CC., concur.

PER CURIAM:

The foregoing opinion by HOUSER, C., is adopted as the opinion of the court.

All of the Judges concur.