### TEXAS BUS LINES v. ANDERSON.

No. 12201.

Court of Civil Appeals of Texas.
Galveston.

Oct. 26, 1950.

Rehearing Denied Nov. 16, 1950.

962

Baker, Botts, Andrews & Parish, William
R. Brown, R. E. Keeton and Frank Har-
mon, all of Houston, for appellant.

Bernard A. Golding and Kenneth Krahl,
both of Houston, for appellee.

CODY, Justice.

This is an appeal by a common carrier
from a judgment for damages rendered in
favor of appellee, who held a ticket entitling
him to transportation over appellant's bus
line from Galveston to Houston, based upon
the jury's answer to special issues which
found that shortly after 1:00 A.M., Septem-
ber 7, 1946, appellant's bus driver commit-
ted an assault on appellee which caused ap-
pellee to suffer humiliation and embarrass-
ment. The jury awarded damages to ap-
pellee therefor in the sum of $3,000; but the
court required appellee, as a condition of
rendering judgment thereon, to file a remit-
titur in the sum of $1,000 which appellee did
under protest, wherefore the court rendered
judgment for appellee in the sum of $2,000.

Appellant predicates its appeal upon
eight points, the first two of which seek to
have the judgment reversed and rendered,
urging in effect that there were neither
pleading nor evidence to justify the submis-
sion of any issue of an assault by the bus
driver upon appellee. Appellant's other
points relate to matters of practice and pro-
cedure, and will hereafter receive such men-
tion as seems fitting in view of the dispo-
sition of this appeal. Appellee has a cross-
assignment of error, seeking to have the ac-
tion requiring the remittitur set aside in
toto.

Appellee plead that he was the holder of
a ticket which entitled him to transportation
over appellant's bus line from Galveston to
Houston, and plead certain acts on the part
of appellant's ticket agent and upon the part
of appellant's depot porter and on the part
of the bus driver which were alleged to have
injured appellee in a variety of ways, includ-
ing preventing appellee fom getting on the
bus, and being transported according to the
contract of transportation.

We have examined appellee's plead-
ings, and deem the allegations thereof, in
the absence of special exceptions, sufficient
to warrant the submission of special issues
on an assault by appellant's bus driver upon
appellee. The pleadings were also sufficient
to raise the issue of whether appellee has
been caused to suffer humiliation and em-
barrassment upon the occasion in question
from which it was the duty of appellant to
have protected appellee. This, particular-
ly in view of appellee's age, which appellant
has not denied was eighty years, justifying

a feeling that his age subjected him to indignity.

It was therefore the duty of the court to have submitted the controlling issues made by the pleadings, if there was evidence to support them. It was undisputed that the evidence established that appellee occupied the status of a passenger. It was undisputed that appellant's servants, including the bus driver, prevented appellee from receiving the transportation which his ticket, or contract with appellant, entitled him to. There was also evidence from which the jury were entitled to conclude that appellant's servants, including the bus driver, subjected appellee to indignities or mistreatment from which it was appellant's duty to protect appellee, as a passenger. The evidence was sufficient to raise the issue of whether appellee suffered injury to his feelings, such as humiliation, etc. We do not pass upon whether there was other evidence to raise other issues, as there is no complaint by appellee that the court failed to submit issues made by the pleadings, and supported by the evidence, and we have confined our examination to so much of the evidence as would be decisive of the question of whether the court erred in refusing to instruct a verdict for appellant. The court did not err in refusing to direct the verdict for appellant.

■ We agree with appellant, however, that the evidence was insufficient, as a matter of law, to raise the issue of assault by the bus driver on appellee. The evidence, which we understand appellee considers sufficient to raise the issue of assault by the bus driver or appellee, taken in connection with the fact that appellee was a passenger, is:

That, after the ticket agent instructed the bus driver not to let appellee on the bus, appellee presented himself for transportation thereon, whereupon the driver said to him angrily "You can't ride my bus under any circumstances, neither of you [thereby referring to appellee and another passenger named McDowell]—Neither of you sons of bitches can ride my bus under any circumstances." Appellee further testified that he made several attempts to be allowed to get on the bus, but was always rebuffed.

Upon cross-examination, he testified that he approached to the bus as close as he probably could "but with him [the bus driver] standing up there ready to kick me in the face on the steps, I was not going to have my head kicked off. He had threatened me; he said I couldn't ride his bus under any circumstances, and used that cuss-word."

H. H. McDowell (referred to by the evidence as one of "you sons of bitches") testified for appellee. Among other things, he testified that when the driver got on the bus preparatory to department for Houston "It looked like he was braced to kick Mr. Anderson under the chin in case he tried to force himself on the bus, and I was standing there right close to Mr. Anderson, and then he [the driver] fastened the door and drove off and left us standing there."

■ We have omitted the evidence relative to the effect that the treatment and abuse which appellee received had on his feelings. We deem it sufficient to state that it showed treatment of appellee by appellant's bus driver which it was the duty of appellant to protect him from. San Antonio Traction Co. v. Crawford, Tex. Civ.App., 71 S.W. 306. In the cited case the court quoted with approval from a work on "Passengers", as follows: "Where a wrongful act is accompanied by insult, abuse or oppression, the decided weight of authority is that compensatory damages for mental suffering may be recovered, though there has been no physical injury." See also Texas & P. Ry. Co. v. Jones, Tex.Civ. App., 39 S.W. 124, Leach v. Leach, 11 Tex. Civ.App. 699, 33 S.W. 703, St. Louis Southwestern Ry. Co. v. Franklin, Tex.Civ.App., 44 S.W. 701, and Gulf, C. & S. F. R. Co. v. Luther, 40 Tex.Civ.App. 517, 90 S.W. 44.

■ In no case cited by appellee has it been held that an assault can be effected by words alone, and the law is to the contrary. In the case of Western Union v. Bowdoin, Tex.Civ.App., 161 S.W. 1, the carrier's agent drew back to strike the passenger, and the passenger was within the range or reach of the threatened blow. In Leach v. Leach, 11 Tex.Civ.App. 699, 33 S.W. 703, which is briefly reported, the contention was refuted that a battery was

necessary before there could be an assault. The fact showed an indecent proposal by a man to a woman, and there was no contention made that there was not a simple assault including false imprisonment.

It is not the law that words or conduct by a carrier's servant toward a passenger, which would not constitute an assault, absent the relationship of carrier and passenger, may become an assault if such relationship exists. An assault is, of course, an offense against the peace and dignity of the state, as well as an invasion of private rights, and is defined in the Penal Code of the State, Art. 1138, after stating that the use of any unlawful violence upon the person of another with intent to injury, whatever be the means or degree of violence used, is an assault and battery, then goes on to provide: "Any attempt to commit a battery, or any threatening gesture showing in itself or by words accompanying it, an immediate intention, coupled with an ability to commit a battery, is an assault". But P.C. Art. 1138 is modified by P.C. Art. 1141, defining what is meant by coupled with ability to commit an assault. Section 3 of such Art. 1141, provides that one "who is at so great a distance from the person assailed as that he cannot reach his person by the use of the means with which he makes the attempt, is not guilty of an assault. * * *". It is clear from appellee's evidence, including his own testimony, that he wisely refrained from placing his person within reach of the kick which the bus driver indicated by his posture he would let fly if appellee should attempt to force entrance upon the bus. Clearly such evidence would not sustain a conviction under an indictment for the crime of assault. And the definition of an assault is the same, whether it is the subject matter of a civil suit for damages for the invasion of private rights, or of a prosecution for crime. Flanagan v. Womack & Perry, 54 Tex. 45, 51. The submission of an issue of "assault" by the bus driver, under the evidence in this case, over appellant's objection, requires that the judgment be reversed and the cause be remanded for a new trial.

In view of another trial, the only matter of practice and procedure, which it would be proper for us to comment on, is appellant's complaint of the court's refusal to permit appellant to introduce in evidence a document prepared by the court reporter's clerk from hearsay matter furnished such clerk by the court reporter before his death. Such document was not a deposition, and the court's action in refusing to let it be introduced as such is approved.

The judgment of the court below is reversed, and the cause is remanded for a new trial.