James Edward **ROGERS**, Jr., Appellant,

v.

**The STATE of Texas, State.**

**No. 2–93–192–CR.**

Court of Appeals of Texas,
Fort Worth.

June 1, 1994.

Discretionary Review Refused
Aug. 17, 1994.

Earl R. Waddell, III, Fort Worth, for appellant.

Tim Curry, Dist. Atty., Betty Marshall and Charles M. Mallin, Asst. Chiefs—Appellate Section, John A. Stride and Jana Jones, Asst. Dist. Attys., Fort Worth, for appellee.

Before FARRIS, LATTIMORE and DAY, JJ.

## OPINION

FARRIS, Justice.

A jury convicted James Edward Rogers, Jr., of aggravated assault and the trial court assessed his punishment, enhanced by two prior felony convictions, at forty years' confinement. On appeal, Rogers challenges the sufficiency of the evidence to support his conviction. Because any rational trier of fact could have found Rogers threatened the complainant with imminent bodily injury and used the pocket knife as a deadly weapon, we overrule all points of error and affirm the conviction.

When reviewing the sufficiency of the evidence, the reviewing court must review the evidence in the light most favorable to the prosecution and determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979).

Here, the records show that on April 17, 1991 at 8:00 a.m., Rogers entered a 7–Eleven Store and tried to cash a money order. The store manager, John Graziul, refused to cash the order because it exceeded the store's limit and he told Rogers where he could cash it. Instead of accepting Graziul's word and following his suggestion, Rogers argued with him. After four minutes of arguing, Graziul asked Rogers to leave the store. Instead of leaving, Rogers threatened "he was going to cut [Graziul's] head off...." When Rogers did not receive the response he wanted, he moved within two feet of Graziul, pulled out a pocket knife, and repeated the threat. This time Graziul jumped back and another store employee, Kathy Wolf, screamed and ran to the back room. At this point, a female companion of Rogers' entered the store and told Rogers to leave. Rogers followed her out of the store without further incident.

■ In point of error one, Rogers contends this evidence is insufficient to establish he threatened Graziul with imminent bodily injury. In so contending, Rogers relies on two cases involving threats of future harm. *See Devine v. State*, 786 S.W.2d 268 (Tex. Crim.App.1989); *Hill v. State*, 844 S.W.2d

937, 938 (Tex.App.—Eastland 1992, no pet.). However, because Rogers' case does not involve a threat of future harm, these cases do not control. Instead, we find the issue here is similar to that presented in *Green v. State,* 567 S.W.2d 211 (Tex.Crim.App. [Panel Op.] 1978).

In *Green,* the defendant and his cohort confronted the complainant in a motel, face to face and the defendant threatened, "If you don't give me the money, I'm going to cave your head in." *Id.* at 212. Here, Rogers, after insisting Graziul cash his money order, while two feet from Graziul with a knife in his hand, threatened "he was going to cut [Graziul's] head off." Considering the similarity between the threat in *Green* and the threat here and considering the Court of Criminal Appeals considered the threat in *Green* to be one that would be inflicted immediately if the complainant had failed to comply, *see id.* at 213, we hold the evidence supports a finding Rogers threatened Graziul with imminent bodily injury. Point of error one is overruled.

■ In point of error two, Rogers claims the evidence is insufficient to show he used the knife as a deadly weapon. To support this contention, Rogers argues *Davidson* controls. *See Davidson v. State,* 602 S.W.2d 272 (Tex.Crim.App. [Panel Op.] 1980).

■ Like the complainant in *Davidson,* Graziul suffered no wounds. Therefore, to establish the knife was a deadly weapon, the State had to prove two elements: (1) the thing used as a weapon was capable of causing death or serious bodily injury; and (2) the weapon was displayed or used in a manner indicating an intent to cause death or serious bodily injury. *See Batro v. State,* 635 S.W.2d 156 (Tex.App.—Houston [1st Dist.] 1982, no pet.).

In *Davidson,* the State failed to prove these elements so the Court of Criminal Appeals held the evidence insufficient to establish the knife used during the robbery was a deadly weapon. *Davidson,* 602 S.W.2d at 274. In so holding, the court noted the knife was not introduced into evidence, the State did not establish the knife's possible potential for harm through hypothetical questions to an expert on weapons, the complainant was five or six feet away from the defendant and he did not come closer. *Id.* at 274. After reviewing the facts in this case, we hold that, unlike *Davidson,* here the record proves the knife was capable of causing serious bodily injury and Rogers used it in a manner that indicated he intended to cause serious bodily injury.

Although the actual knife was not introduced, proof the pocket knife was capable of causing serious bodily injury was established by introducing a similar knife into evidence and by offering Detective Mark Thorne's testimony it could cause serious bodily injury. *See, i.e., Hughes v. State,* 787 S.W.2d 193 (Tex.App.—Corpus Christi 1990, pet. ref'd); *Brown v. State,* 668 S.W.2d 470 (Tex.App.— Dallas 1984), *rev'd on other grounds,* 716 S.W.2d 939 (Tex.Crim.App.1986).

Proof a knife was used in a manner intended to cause serious bodily injury can be established by the size and shape of the knife, the manner of its use, and verbal statements accompanying its use. *Booker v. State,* 712 S.W.2d 853 (Tex.App.—Houston [14th Dist.] 1986, pet. ref'd). Here, the evidence shows Rogers was only two feet away from Graziul when he pulled out a knife with a two-to-three inch blade and threatened to cut off Graziul's head. In addition, the records show Graziul reacted by jumping backwards and Wolf by screaming and running to the back of the store. Considering Rogers was close enough to use the knife on Graziul, and considering his threats and the victims' responses, we hold the State proved Rogers used the knife in a manner indicating he intended to cause serious bodily harm. *See, i.e., Jones v. State,* 843 S.W.2d 92 (Tex. App.—Dallas 1992, pet. ref'd); *Curry v. State,* 674 S.W.2d 495 (Tex.App.—Fort Worth 1984, pet. ref'd). Consequently, the evidence is sufficient to establish the pocket knife was a deadly weapon. Point of error two is overruled.

The judgment is affirmed.