Patricia McNEIL and Milton
McNeil, Appellants,

v.

NABORS DRILLING USA,
INC., Appellee.

No. 01–99–00925–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Jan. 11, 2001.

Bill Jones, Robert J. Montoya, Houston, for Appellants.

David L. Phillips, Robert Joseph Celedonia, Houston, for Appellee.

Panel consists of Justices WILSON, NUCHIA, and SMITH.[1]

## OPINION

WILSON, Justice.

Appellants brought suit against appellee, Nabors Drilling U.S.A., Inc. (Nabors Drilling), and their employee, William Bradley Reese (Reese), for personal injuries to Patricia McNeil. Nabors Drilling filed a motion for summary judgment, which the trial court granted. After severing the cause of action against Nabors Drilling, appellants appeal the granting of the summary judgment.

Appellants bring two points of error challenging the granting of the summary judgment. First, appellants assert that appellee's motion for summary judgment did not address a negligence cause of action alleged in the original petition. Second, appellants argue that a fact issue remains on one of their causes of action preventing the granting of a summary judgment. We affirm.

## STANDARD OF REVIEW

When a defendant can conclusively show that the plaintiffs cannot prove at least one element of a cause of action, the trial court may properly grant a summary judgment for the defendant. *See Gibbs v. General Motors Corp.*, 450 S.W.2d 827, 828 (Tex. 1970). On review, the appellate court will take evidence favorable to the non-movant as true in deciding whether there is a disputed issue of material fact that precludes a summary judgment. *See Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–549 (Tex.1985). When a summary judgment disposes of the entire case in favor of the defendant, it is proper

only if, as a matter of law, the plaintiffs could not succeed on any pleaded theory. *See Waddy v. City of Houston*, 834 S.W.2d 97, 100 (Tex.App.—Houston [1st Dist.] 1992, writ denied).

## FACTS

We view the facts consistent with the standard of review. On September 16, 1997, Reese began his hitch as a motorman on Nabors Drilling rig 275. Reese's shift began at 6:00 p.m. and ended at 6:00 a.m. Reese was working a six-on-and-six-off rotation. At the end of his first three shifts, Reese slept in the sleeping quarters provided by Nabors Drilling. On the fourth day with less than 15 hours of sleep from the last three days, Reese decided to drive home and return that night for his shift.

Reese knew he was tired when he left the rig because he had not been getting enough sleep. On his way home, Reese fell asleep at the wheel and crashed head-on into Patricia McNeil injuring her. The accident occurred on a two-lane public highway in Burleson County.

Nabors Drilling provided the sleeping quarters for the convenience of their employees so employees did not have to drive home or rent motel rooms. The sleeping quarters, consisting of two rooms filled with bunk beds, were located inside a trailer at the rig. The trailer also contained a kitchen with a stove and refrigerator and a living area with a television. Other employees cooked at any time in the kitchen. Another Nabors Drilling employee had complained about the nosiness of the sleeping quarters at the same rig approximately two months before Reese's accident.

### Defendant's Factual Contentions

After Reese got off duty on the day of the accident, he showered, drove several miles to Hearne, purchased cigarettes and

---

1. The Honorable Jackson B. Smith, retired Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

gasoline, washed his pick-up at a car wash, drank a couple of beers with another man at the car wash, stopped at a Patterson Drilling rig to look for a new job, returned to rig 275, ate breakfast, packed, and headed home for Elgin. The accident took place almost four hours after Reese went off duty.

Reese never complained to his co-workers or his supervisor about his lack of sleep. Further, Reese did not discuss with his supervisors his plan to drive home and return that night to the rig. Because it was voluntary to stay at the rig, Reese could have paid for a motel room or driven home at the end of every shift. Also, Reese could have slept at the rig before attempting to drive home.

## DISCUSSION

■ In point of error one, appellants assert appellee's motion for summary judgment did not address a cause of action alleged in the original petition. Specifically, appellants argue the general claim that appellee "failed to provide a safe work environment for the protection of third parties" includes a negligence claim that appellee created a dangerous condition. Appellants contend, when Nabors Drilling provided sleeping quarters for its employees, it assumed a duty to third parties to provide those sleeping facilities reasonably and prudently. Thus, appellants contend appellee was obligated to amend its motion for summary judgment under *Granada Biosciences, Inc. v. Barrett*, 958 S.W.2d 215 (Tex.App.—Amarillo 1997, writ denied).

■ A pleading is sufficient if it gives notice of the cause of action and facts being alleged so the opposing party may adequately prepare a defense. *See* TEX. R.CIV.P. 45(b), 47(a). The actual cause of action and the elements do not have to be pleaded with specificity; it is sufficient if a cause of action can be reasonably inferred. *See Boyles v. Kerr*, 855 S.W.2d 593, 601 (Tex.1993). Lacking filed special excep-

tions, a petition should be liberally construed in favor of the pleader. *See id.*

Appellee did not file any special exceptions to appellants' original petition. Further, appellee had sufficient notice of the negligence claims, via the pleadings, to adequately prepare a defense. Therefore, we find the pleadings were sufficient to support a negligence cause of action that appellee created a dangerous condition.

However, appellee contends, even if appellants' pleading includes the negligence cause of action, the no-duty argument contained in the motion for summary judgment addresses the issue raised by appellants and avoids the rule of *Granada Biosciences*. Specifically, appellee asserted a no-duty argument based on *Otis Eng'g Corp. v. Clark*, 668 S.W.2d 307 (Tex.1983), and *Jenkins v. Kemlon Prod. & Dev. Co.*, 923 S.W.2d 224 (Tex.App.—Houston [14th Dist.] 1996, no writ).

■ A motion for summary judgment may negate an element common to all claims in an original pleading. *See Judwin Properties, Inc. v. Griggs and Harrison, P.C.*, 911 S.W.2d 498, 502–503 (Tex.App.—Houston [1st Dist.] 1995, no writ). The essential elements of a negligence cause of action are a legal duty, a breach of that duty, and damages proximately resulting from that breach. *See Van Horn v. Chambers*, 970 S.W.2d 542, 544 (Tex. 1998). The absence of a recognized legal duty ends the inquiry into negligence liability. *See id.*

■ In the employment context, an employer assumes a duty over its employee's off-duty conduct when the employer is aware of the employee's incapacity and affirmatively attempts to control the employee. *See Otis*, 668 S.W.2d at 308 and 311. The linchpin of the *Otis* duty of care is control. *See Graff v. Beard*, 858 S.W.2d 918, 920 (Tex.1993); *Greater Houston Transp. Co. v. Phillips*, 801 S.W.2d 523, 526 (Tex.1990).

Appellants concede their case does not meet the *Otis* standard. However, appel-

lants ask this court to create a new duty expanding *Otis.* We decline to extend *Otis* beyond its holding.

 While *Otis* remains the standard, the courts have refused to require employers to monitor their employees before allowing them to leave work. *See Jenkins,* 923 S.W.2d at 227 (addressing exhausted employees). Further, employers who make safety policies to prevent employee incapacity do not assume a duty to third parties. *See Estate of Catlin v. General Motors,* 936 S.W.2d 447, 449–450 (Tex. App.—Houston [14th Dist.] 1996, no writ) (alcohol-free policy). Faced with a similar factual situation, another appellate court has refused to find such a duty. *See J & C Drilling Co. v. Salaiz,* 866 S.W.2d 632, 639 (Tex.App.—San Antonio 1993, no writ) (sleeping quarters at well site to prevent fatigue). Employers who provide suitable locations to prevent employee incapacity do not assume a duty to third parties. *See id.*

Therefore, the no-legal-duty argument contained in appellee's motion for summary judgment addresses the negligence causes of action brought by appellants. Appellee had no obligation to amend its motion for summary judgment. Further, the motion for summary judgment negates an element, a legal duty, common to both of appellants' negligence claims.

We overrule point of error one.

In point of error two, appellants argue a fact issue remains on one of their causes of action, which prevents the granting of a summary judgment. Specifically, appellants contend a fact issue remains regarding whether Nabors Drilling's conduct before the accident created a foreseeable risk of harm to the McNeil Family and the rest of the public.

The question posed by appellants is an inquiry into appellee's breach of a legal duty. *See Van Horn,* 970 S.W.2d at 544.

However, the absence of a recognized legal duty ends the inquiry into negligence liability. *See id.* In short, the question posed by appellants cannot be reached without a showing that Nabors Drilling had a recognized legal duty to third parties. As discussed above, Texas does not recognize a legal duty in this situation. Appellants point to no other fact issue remaining on their cause of action.

We overrule point of error two.

## CONCLUSION

We affirm the judgment of the trial court.