**Vicsandra JONES and Darren Jones, Individually and as Next Friends of John Doe, a Minor, Appellants**

v.

**Josi Calderon SHIPLEY, Appellee**

**NO. 01–16–00046–CV**

Court of Appeals of Texas, Houston (1st Dist.).

Opinion issued December 8, 2016

Rehearing En Banc Overruled January 31, 2017

Michael C. Watson, Houston, TX, for Appellants.

Tanya N. Garrison, Weycer, Kaplan, Pulaski & Zuber, PC, Houston, TX, for Appellee.

Panel consists of Chief Justice Radack and Justices Higley and Huddle.

## OPINION

Rebeca Huddle, Justice

While chaperoning a school field trip, Josi Calderon Shipley allegedly rushed toward a second grader, John Doe, and shook her finger at him while stating she would "get him." John Doe's parents, Vicsandra Jones and Darren Jones, sued Shipley for assault by threat of bodily injury. The trial court granted Shipley's motion to dismiss under Texas Rule of Civil Procedure 91a. On appeal, the Joneses argue that the trial court erred by granting the motion. We affirm.

## Background

The Joneses alleged in their First Amended Original Petition that they had an unpleasant exchange with Shipley shortly after they enrolled John Doe in the second grade of a new school. According to the amended petition, Shipley, the mother of another student at the same school, told Vicsandra and John Doe that John Doe was a "monster" and "completely out of control at school." The Joneses also alleged that Shipley said "she was going to see to it that he was expelled" from the school, adding that she and other parents at the school "pay high tuition rates to keep their children away from kids like [John Doe]."

The incident that forms the basis of the Joneses' suit for assault by threat of bodily injury took place about a week later, according to the amended petition. The Joneses allege that Shipley was chaperoning John Doe's school field trip to the zoo when she saw John Doe sitting alone, "rushed over" to him from 50 feet away in "an extremely threatening and aggressive manner," "put her finger inches from his face," and "told him she was going to 'get him.'" The amended petition alleges that this "attack" was without provocation, and caused John Doe to have a "fear of immi-

nent bodily injury" and "severe emotional trauma."

Shipley filed a Rule 91a motion to dismiss, arguing that assuming all of the facts pleaded by the Joneses to be true, they were insufficient to support a cause of action for assault by threat of bodily injury. The Joneses responded, arguing that they had pleaded sufficient facts to state a claim for assault by threat of bodily injury. The trial court granted the motion, dismissing the case and awarding Shipley attorney's fees under Rule 91a.

## Discussion

In their sole issue, the Joneses argue that the trial court erred by granting Shipley's Rule 91a motion to dismiss.

### A. Standard of Review

We review the merits of a Rule 91a motion de novo because the availability of a remedy under the facts alleged is a question of law and the rule's factual-plausibility standard is akin to a legal-sufficiency review. *City of Dall. v. Sanchez*, 494 S.W.3d 722, 724 (Tex. 2016) (per curiam). Dismissal is appropriate under Rule 91a "if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought ... or no reasonable person could believe the facts pleaded." *Id.*; Tex. R. Civ. P. 91a (authorizing dismissal of a cause of action that has no basis in law or fact).

### B. Applicable Law

The elements of assault are the same in both criminal and civil cases. *See Loaisiga v. Cerda*, 379 S.W.3d 248, 256 (Tex. 2012). A person commits assault if the person:

(1) intentionally, knowingly, or recklessly causes bodily injury to another, including the person's spouse;

(2) intentionally or knowingly threatens another with imminent bodily injury, including the person's spouse; or

(3) intentionally or knowingly causes physical contact with another when the person knows or should reasonably believe that the other will regard the contact as offensive or provocative.

TEX. PENAL CODE § 22.01(a). The focus in an assault by threat case is on the defendant's words and conduct, and the critical inquiry is whether a reasonable person under the circumstances would consider the words and conduct to be an objective threat of imminent bodily injury. *See Olivas v. State*, 203 S.W.3d 341, 347 (Tex. Crim. App. 2006) ("Although the question whether the defendant's conduct produced fear in the victim is relevant, the crucial inquiry remains whether the assailant acted in such a manner as would under the circumstances portend an immediate threat of danger to a person of reasonable sensibility."); *see also Montejano v. State*, No. 08–12–00235–CR, 2014 WL 4638911, at *6 (Tex. App.–El Paso Sept. 17, 2014, no pet.) (not designated for publication) ("operative question is whether the defendant's conduct would be perceived as objectively threatening under the circumstances").

## C. Analysis

 The Joneses, who sued individually and as next friends of John Doe, do not allege that Shipley caused John Doe bodily injury, nor do they allege Shipley caused any physical contact with him. Rather, the Joneses allege assault of the variety described in Section 22.01(a)(2): threatening another with imminent bodily injury. Texas authorities demonstrate that Shipley's alleged words and conduct cannot amount to assault by threatening imminent bodily injury as a matter of law. The cases in which conduct has been held sufficient to constitute assault by threat of imminent bodily injury involve words and conduct that, viewed from the objective perspective of a reasonable person, constitute express and unambiguous threats of imminent bodily injury, frequently death.

For example, in *Wells v. May*, No. 05–12–01100–CV, 2014 WL 1018135 (Tex. App.–Dallas Feb. 12, 2014, no pet.) (mem. op.), the trial court dismissed a claim for assault by threat under Rule 13, concluding that it had no basis in law or fact. *Id.* at *2. The Dallas Court of Appeals reversed, but the record in that case involved express death threats. *Id.* at *3–4. May was an attorney representing Wells's wife in the Wellses' divorce action, and May was taking a deposition of Wells's employee at the time of the altercation. *Id.* at *1. When Wells asked May to calm down and commented that May's temper may have contributed to his daughter's suicide, May demanded Wells leave the deposition. *Id.* As Wells gathered his things to leave, May leaned over the table and screamed, "I'm gonna kill you!" *Id.* May jabbed his finger in Wells's face, making "repeated death threats", including that he was going to "shoot Wells with his gun." *Id.* When Wells left the deposition, May pursued him through the office and to the elevator, and Wells drove to the police station to report the incident. *Id.*

Likewise, in *Pickens v. Fletcher*, No. 4:12–cv–1196, 2013 WL 2618037 (S.D. Tex. June 11, 2013), the federal district court concluded that Pickens could survive summary judgment on his assault claim. *Id.* at *5. But, again, and unlike in this case, the defendant's words and conduct involved an express death threat. *Id.* Pickens and Fletcher were both students at a technical school. *Id.* at *1. One evening, they had a

verbal altercation outside the school about a noose hanging from Fletcher's rear-view mirror. *Id.* The exchange escalated, with Fletcher ultimately yelling at Pickens "I will kill you n*****!" before walking to his truck to retrieve a gun that he then pointed at Pickens. *Id.* at *2.

While liability for assault can be based on a threat of imminent bodily injury short of death, the authorities in which evidence has been found sufficient to establish an assault under 22.01(a)(2) involve words and conduct, that, unlike Shipley's vague alleged threat to "get" John Doe, constitute unambiguous threats of imminent bodily injury from the objective perspective of a reasonable person. For example, in *Wilson v. State*, 391 S.W.3d 131 (Tex. App.–Texarkana 2012, no pet.), the court of appeals held that legally sufficient evidence supported the defendant's assault by threat conviction where the defendant cursed his father, gritted his teeth, said he would "knock the s*** out of him," struck him on the back and head, and then grabbed a sledgehammer and held it as he began walking toward his father anew. *Id.* at 134. Likewise, in *Tidwell v. State*, 187 S.W.3d 771 (Tex. App.–Texarkana 2006, pet. stricken), the court of appeals held that legally sufficient evidence supported the defendant's assault conviction where the defendant had a gun in her possession and told the complainant that, unless he left, she would shoot him. *Id.* at 775. Similarly, in *Rogers v. State*, 877 S.W.2d 498 (Tex. App.–Fort Worth 1994, pet. ref'd), the court of appeals concluded that sufficient evidence supported the defendant's assault conviction where, in response to the complainant's refusal to cash a money order, the defendant pulled out a knife and threatened to cut off the complainant's head. *Id.* at 500.

By contrast, conduct and words objectively more threatening than Shipley's words and conduct in this case have been held *not* to constitute assault by threat of imminent bodily injury. For example, *Texas Bus Lines v. Anderson*, 233 S.W.2d 961, 963 (Tex. Civ. App.–Galveston 1950, writ ref'd n.r.e.), involved an altercation between a bus driver and his would-be passenger. When a ticket agent instructed the bus driver to refuse Anderson entry to the bus, Anderson nevertheless sought to board, and the driver, who was standing inside the bus near the door, "angrily" said to Anderson and his companion, who were standing outside the bus's door, "You can't ride on my bus under any circumstances—Neither of you sons of b****** can ride my bus under any circumstances." *Id.* at 963. As he said this, the bus driver was positioned on the stairs inside the bus, "braced" and "ready to kick [Anderson] in the face" if he tried to force his way onto the bus. *Id.* Yet the appellate court held this did not raise a fact issue on assault by threat and it was error for the trial judge to have submitted the claim. *Id.* at 964; *see also Moore v. City of Wylie*, 319 S.W.3d 778, 782–83 (Tex. App.–El Paso 2010, no pet.) (even though plaintiff was "terrified during the confrontation," no fact issue on assault by threat of imminent bodily injury where supervisor, while reprimanding plaintiff, poked him in the chest with his finger three or four times).

Shipley's alleged words and conduct are a far cry from the type of conduct that has been held to constitute assault by threat of imminent bodily injury. *See Wells*, 2014 WL 1018135, at *3–4; *Pickens*, 2013 WL 2618037, at *5; *cf. Anderson*, 233 S.W.2d at 963. The act of walking "aggressively" toward John Doe and shaking her finger at him, together with the vague verbal threat to "get" him, does not support a reasonable inference in the mind of a reasonable person that Shipley made an objective threat to inflict imminent bodily injury on the second grader during a school-spon-

sored field trip to the zoo. This is particularly true given the Joneses' allegation that what Shipley had threatened a week earlier, when she spoke more precisely, was expulsion from the school, which is neither bodily injury nor imminent. Assuming the truth of the Joneses' allegations, Shipley's vague threat to "get" John Doe together with her aggressive walking and finger-shaking during a school field trip do not constitute an objective threat of imminent bodily injury to a person of reasonable sensibility in light of the circumstances. Because the words and conduct alleged, though unkind, are insufficient to hold Shipley liable for assault by threat, we hold that the trial court correctly dismissed the Joneses' suit under Rule 91a.

## Conclusion

We affirm the trial court's judgment.

Higley, J., dissenting

Laura Carter Higley, Justice, dissenting.

Because the majority mistakes extreme cases of assault for cases that establish the minimum requirements of assault by threat, I respectfully dissent.

In their first issue, appellants contend that the trial court erred in dismissing their claim against Shipley for assault by threat of bodily injury. Under rule 91a of the Texas Rules of Civil Procedure, "a party may move to dismiss a cause of action on the grounds that it has no basis in law or fact." TEX. R. CIV. P. 91a.1. Shipley's motion alleged that the Joneses' petition had no basis in law.

"A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought." *Id.* Courts must construe the pleadings liberally in favor of the non-

movant and accept as true the factual allegations in the pleadings to determine if a cause of action has a basis in law. *Wooley v. Schaffer*, 447 S.W.3d 71, 76 (Tex. App.–Houston [14th Dist.] 2014, pet. denied).

Courts apply the fair notice pleading standard in determining whether the facts alleged in the petition provide a basis in law for recovery. *Id.* at 76; *see also* TEX. R. CIV. P. 47(a); *Roark v. Allen*, 633 S.W.2d 804, 810 (Tex. 1982) ("A petition is sufficient if it gives fair and adequate notice of the facts upon which the pleader bases his claim."). Under this standard, pleadings are sufficient if a cause of action can reasonably be inferred from the facts pleaded. *McNeil v. Nabors Drilling USA, Inc.*, 36 S.W.3d 248, 250 (Tex. App.–Houston [1st Dist.] 2001, no pet.).

In sum, the only question courts are presented with in a motion to dismiss under rule 91a is whether the plaintiff's pleadings can reasonably be construed to allege the minimum quantum of facts that could support the cause of action. *See* TEX. R. CIV. P. 91a.1; *Wooley*, 447 S.W.3d at 76; *McNeil*, 36 S.W.3d at 250. I believe the majority has misapplied this legal framework.

The Joneses alleged that Shipley committed assault by threat. "The elements of a civil assault mirror those of a criminal assault." *Loaisiga v. Cerda*, 379 S.W.3d 248, 256 (Tex. 2012); *see also Hall v. Sonic Drive–In of Angleton, Inc.*, 177 S.W.3d 636, 649 (Tex. App.–Houston [1st Dist.] 2005, pet. denied) ("The elements of assault are the same in both the criminal and civil context."). A person commits assault by threat of bodily injury if she "intentionally or knowingly threatens another with imminent bodily injury." *Loaisiga*, 379 S.W.3d at 256 (citing TEX. PENAL CODE ANN. § 22.01(a)(2) (Vernon Supp. 2015)). "Bodily injury is a broad term and encompasses even relatively minor physical contacts so

long as they constitute more than mere offensive touching." *Forbes v. Lanzl*, 9 S.W.3d 895, 900 (Tex. App.–Austin 2000, pet. denied).

I believe the majority's analysis is flawed because it relies on extreme cases of assault by threat and treats these as the baseline below which no claim for assault can be supported. *See, e.g., Wells v. May*, No. 05–12–01100–CV, 2014 WL 1018135, at *1 (Tex. App.–Dallas Feb. 12, 2014, no pet.) (mem. op.) (defendant made repeated threats to kill plaintiff and followed her through building). There is simply no support for this conclusion.

Oddly, most of the cases the majority relies on for support are cases for *aggravated assault with a deadly weapon. See Wilson v. State*, 391 S.W.3d 131, 133–34 (Tex. App.–Texarkana 2012, no pet.) (defendant convicted of aggravated assault with deadly weapon, hit complainant on head and back with enough force to stun complainant, and walked toward complainant while holding sledgehammer); *Tidwell v. State*, 187 S.W.3d 771, 772–73 (Tex. App.–Texarkana 2006, no pet.) (defendant convicted of aggravated assault with deadly weapon, pointed gun at complainant, and threatened to shoot him); *Rogers v. State*, 877 S.W.2d 498, 499 (Tex. App.–Fort Worth 1994, pet. ref'd) (defendant convicted of aggravated assault with deadly weapon, threatened to cut complainant's head off, and pulled out a knife).

Aggravated assault is a separate offense under the penal code and it includes elements that are not required under the statute that forms the basis for civil assault. *See* TEX. PENAL CODE ANN. § 22.02(a) (Vernon 2011) (creating separate offense for committing assault under section 22.01 while causing serious bodily harm or while using or exhibiting deadly weapon); *Loaisiga*, 379 S.W.3d at 256 (citing section *22.01(a)* for elements of civil assault). Indeed, the fact that the law distinguishes between these types of assaults undermines the majority's argument by establishing that what the majority is treating as the minimum quantum of proof is actually a different and more extreme type of assault.

The majority's reliance on *Pickens* fails for the same reason. *See Pickens v. Fletcher*, No. 4:12–cv–1196, 2013 WL 2618037, at *2 (S.D. Tex. June 11, 2013) (defendant screamed he would kill plaintiff and pointed a gun at him). While *Pickens* is a civil case, it corresponds to the elevated criminal offense of aggravated assault with a deadly weapon. *See id.*; PENAL § 22.02(a)(2) (establishing offense for committing assault while exhibiting deadly weapon). The Joneses did not allege aggravated assault, and they are not required to plead it in order to recover. *See Loaisiga*, 379 S.W.3d at 256.

The cases finding insufficient evidence of assault by threat that the majority relies on also undermines its argument. In *Anderson*, we held that words alone cannot support a claim for assault by threat. *Texas Bus Lines v. Anderson*, 233 S.W.2d 961, 963 (Tex. Civ. App.–Galveston 1950, writ ref'd n.r.e.). Instead, any threatening words must be coupled with a "threatening gesture." *Id.* at 964. In fact, we recognized that when words are coupled with a threatening gesture, assault is established, "whatever be the means or degree of violence used." *Id.*

The only evidence in *Anderson* of a gesture was the testimony that it "looked like" the bus driver would kick the plaintiff if he attempted to board the bus. *Id.* at 963. We held that looking like a gesture would occur was insufficient. *See id.* at 964. Nowhere in the opinion did this Court rely on the facts cited by the majority to hold that the claim for assault failed.

Likewise, the claim in *Moore* failed because there was no actual threat. *Moore v. City of Wylie*, 319 S.W.3d 778, 780, 783 (Tex. App.–El Paso 2010, no pet.) (supervisor poked employee in chest three or four times and told him to do his job).

In contrast to the authority the majority identifies as controlling, case law establishes that the Joneses have sufficiently pleaded a cause of action against Shipley. When a threat of imminent bodily harm is coupled with a threatening gesture, a claim for civil assault is established, "whatever be the means or degree of violence used." *Anderson*, 233 S.W.2d at 964. "Bodily injury is a broad term and encompasses even relatively minor physical contacts so long as they constitute more than mere offensive touching." *Forbes*, 9 S.W.3d at 900.[1] There is no requirement that the threat be more elevated than the low level of injury required to sustain an action for assault.

The Joneses alleged that that Doe witnessed Shipley threaten him to his mother a week prior to the field trip, that Doe was sitting alone during the relevant point of the field trip, that Shipley rushed over to him from 50 feet away, and that Shipley put her finger within inches of Doe's face in an aggressive manner before telling him that she was going to get him. Shipley and the majority argue that threatening to "get" Doe was too vague and insufficiently imminent to constitute a threat. What meaning to apply to threatening to get

someone is a fact issue to be resolved by the jury, not an appellate court. *See Hernandez v. State*, 470 S.W.3d 862, 869 (Tex. App.–Fort Worth 2015, pet. ref'd) (holding any ambiguity in meaning of phrase "you're going down" was matter for jury to resolve); *Wooley*, 447 S.W.3d at 76 (holding pleading are construed liberally in favor of pleader); *Forbes*, 9 S.W.3d at 900 (holding "bodily injury" encompasses relatively minor physical contacts).

The majority also argues that Shipley's prior threat to get Doe expelled, which the majority describes as a "more precise[ ]" threat, established that Shipley's threat to get Doe was not an imminent threat. The majority provides no explanation for how the threat to Doe's mother to have Doe expelled must be construed as a matter of law to "more precisely" reflect the meaning behind the threat to get Doe at a time he was unaccompanied by any adult. Without such a showing, we must view the allegations in the light most favorable to the Joneses. *See Wooley*, 447 S.W.3d at 76.

I would hold that the Joneses sufficiently pleaded a cause of action of assault by threat against Shipley.[2] Accordingly, I would sustain the Joneses' first issue.

## Conclusion

I would reverse the trial court's order granting Shipley's motion to dismiss and remand for further proceedings. Because I

---

1. *See also Lane v. State*, 763 S.W.2d 785, 786 (Tex. Crim. App. 1989) ("In fact, the degree of injury sustained by a victim and the 'type of violence' utilized by an accused appear to be of no moment . . . .").

2. Shipley also argues in her brief that the Joneses' pleadings were insufficient to support the requisite mental state for assault. Because it was not raised in Shipley's motion for dismissal, this argument cannot be considered on appeal. *See 7–Eleven, Inc. v. Nat'l Union Ins. Co. of Pittsburgh, Pa.*, 33 Fed.Appx.

703 at *7 (5th Cir. 2002) (holding appellee could not make argument on appeal that was not made in trial court to support dismissal under analogous federal rule); *see also* Tex. R. Civ. P. 91a.2 ("A motion to dismiss . . . must state specifically the reasons the cause of action has no basis in law . . . ."); *Drake v. Walker*, No. 05–14–00355–CV, 2015 WL 2160565, at *3 n.2 (Tex. App.–Dallas May 8, 2015, no pet.) (mem. op.) (refusing to consider argument raised in brief but not in motion to dismiss).

believe the majority errs by affirming the dismissal, I respectfully dissent.