**Opinion issued December 8, 2016**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-16-00046-CV

———————————

**VICSANDRA JONES AND DARREN JONES, INDIVIDUALLY AND AS NEXT FRIENDS OF JOHN DOE, A MINOR, Appellants**

**V.**

**JOSI CALDERON SHIPLEY, Appellee**

---

**On Appeal from the 61st District Court**
**Harris County, Texas**
**Trial Court Case No. 2015-56901**

---

## DISSENTING OPINION

Because the majority mistakes extreme cases of assault for cases that establish the minimum requirements of assault by threat, I respectfully dissent.

In their first issue, appellants contend that the trial court erred in dismissing their claim against Shipley for assault by threat of bodily injury. Under rule 91a of

the Texas Rules of Civil Procedure, "a party may move to dismiss a cause of action on the grounds that it has no basis in law or fact." TEX. R. CIV. P. 91a.1. Shipley's motion alleged that the Joneses' petition had no basis in law.

"A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought." *Id.* Courts must construe the pleadings liberally in favor of the non-movant and accept as true the factual allegations in the pleadings to determine if a cause of action has a basis in law. *Wooley v. Schaffer*, 447 S.W.3d 71, 76 (Tex. App.—Houston [14th Dist.] 2014, pet. denied).

Courts apply the fair notice pleading standard in determining whether the facts alleged in the petition provide a basis in law for recovery. *Id.* at 76; *see also* TEX. R. CIV. P. 47(a); *Roark v. Allen*, 633 S.W.2d 804, 810 (Tex. 1982) ("A petition is sufficient if it gives fair and adequate notice of the facts upon which the pleader bases his claim."). Under this standard, pleadings are sufficient if a cause of action can reasonably be inferred from the facts pleaded. *McNeil v. Nabors Drilling USA, Inc.*, 36 S.W.3d 248, 250 (Tex. App.—Houston [1st Dist.] 2001, no pet.).

In sum, the only question courts are presented with in a motion to dismiss under rule 91a is whether the plaintiff's pleadings can reasonably be construed to allege the minimum quantum of facts that could support the cause of action. *See*

2

TEX. R. CIV. P. 91a.1; *Wooley*, 447 S.W.3d at 76; *McNeil*, 36 S.W.3d at 250. I believe the majority has misapplied this legal framework.

The Joneses alleged that Shipley committed assault by threat. "The elements of a civil assault mirror those of a criminal assault." *Loaisiga v. Cerda*, 379 S.W.3d 248, 256 (Tex. 2012); *see also Hall v. Sonic Drive-In of Angleton, Inc.*, 177 S.W.3d 636, 649 (Tex. App.—Houston [1st Dist.] 2005, pet. denied) ("The elements of assault are the same in both the criminal and civil context."). A person commits assault by threat of bodily injury if she "intentionally or knowingly threatens another with imminent bodily injury." *Loaisiga*, 379 S.W.3d at 256 (citing TEX. PENAL CODE ANN. § 22.01(a)(2) (Vernon Supp. 2015)). "Bodily injury is a broad term and encompasses even relatively minor physical contacts so long as they constitute more than mere offensive touching." *Forbes v. Lanzl*, 9 S.W.3d 895, 900 (Tex. App.—Austin 2000, pet. denied).

I believe the majority's analysis is flawed because it relies on extreme cases of assault by threat and treats these as the baseline below which no claim for assault can be supported. *See, e.g.*, *Wells v. May*, No. 05-12-01100-CV, 2014 WL 1018135, at *1 (Tex. App.—Dallas Feb. 12, 2014, no pet.) (mem. op.) (defendant made repeated threats to kill plaintiff and followed her through building). There is simply no support for this conclusion.

Oddly, most of the cases the majority relies on for support are cases for *aggravated assault with a deadly weapon. See Wilson v. State*, 391 S.W.3d 131, 133–34 (Tex. App.—Texarkana 2012, no pet.) (defendant convicted of aggravated assault with deadly weapon, hit complainant on head and back with enough force to stun complainant, and walked toward complainant while holding sledgehammer); *Tidwell v. State*, 187 S.W.3d 771, 772–73 (Tex. App.—Texarkana 2006, no pet.) (defendant convicted of aggravated assault with deadly weapon, pointed gun at complainant, and threatened to shoot him); *Rogers v. State*, 877 S.W.2d 498, 499 (Tex. App.—Fort Worth 1994, pet. ref'd) (defendant convicted of aggravated assault with deadly weapon, threatened to cut complainant's head off, and pulled out a knife).

Aggravated assault is a separate offense under the penal code and it includes elements that are not required under the statute that forms the basis for civil assault. *See* TEX. PENAL CODE ANN. § 22.02(a) (Vernon 2011) (creating separate offense for committing assault under section 22.01 while causing serious bodily harm or while using or exhibiting deadly weapon); *Loaisiga*, 379 S.W.3d at 256 (citing section *22.01(a)* for elements of civil assault). Indeed, the fact that the law distinguishes between these types of assaults undermines the majority's argument by establishing that what the majority is treating as the minimum quantum of proof is actually a different and more extreme type of assault.

The majority's reliance on *Pickens* fails for the same reason. *See Pickens v. Fletcher*, No. 4:12-cv-1196, 2013 WL 2618037, at *2 (S.D. Tex. June 11, 2013) (defendant screamed he would kill plaintiff and pointed a gun at him). While *Pickens* is a civil case, it corresponds to the elevated criminal offense of aggravated assault with a deadly weapon. *See id.*; PENAL § 22.02(a)(2) (establishing offense for committing assault while exhibiting deadly weapon). The Joneses did not allege aggravated assault, and they are not required to plead it in order to recover. *See Loaisiga*, 379 S.W.3d at 256.

The cases finding insufficient evidence of assault by threat that the majority relies on also undermines its argument. In *Anderson*, we held that words alone cannot support a claim for assault by threat. *Texas Bus Lines v. Anderson*, 233 S.W.2d 961, 963 (Tex. Civ. App.—Galveston 1950, writ ref'd n.r.e.). Instead, any threatening words must be coupled with a "threatening gesture." *Id.* at 964. In fact, we recognized that when words are coupled with a threatening gesture, assault is established, "whatever be the means or degree of violence used." *Id.*

The only evidence in *Anderson* of a gesture was the testimony that it "looked like" the bus driver would kick the plaintiff if he attempted to board the bus. *Id.* at 963. We held that looking like a gesture would occur was insufficient. *See id.* at 964. Nowhere in the opinion did this Court rely on the facts cited by the majority to hold that the claim for assault failed.

Likewise, the claim in *Moore* failed because there was no actual threat. *Moore v. City of Wylie*, 319 S.W.3d 778, 780, 783 (Tex. App.—El Paso 2010, no pet.) (supervisor poked employee in chest three or four times and told him to do his job).

In contrast to the authority the majority identifies as controlling, case law establishes that the Joneses have sufficiently pleaded a cause of action against Shipley. When a threat of imminent bodily harm is coupled with a threatening gesture, a claim for civil assault is established, "whatever be the means or degree of violence used." *Anderson*, 233 S.W.2d at 964. "Bodily injury is a broad term and encompasses even relatively minor physical contacts so long as they constitute more than mere offensive touching." *Forbes*, 9 S.W.3d at 900.[1] There is no requirement that the threat be more elevated than the low level of injury required to sustain an action for assault.

The Joneses alleged that that Doe witnessed Shipley threaten him to his mother a week prior to the field trip, that Doe was sitting alone during the relevant point of the field trip, that Shipley rushed over to him from 50 feet away, and that Shipley put her finger within inches of Doe's face in an aggressive manner before telling him that she was going to get him. Shipley and the majority argue that

---

[1] *See also Lane v. State*, 763 S.W.2d 785, 786 (Tex. Crim. App. 1989) ("In fact, the degree of injury sustained by a victim and the 'type of violence' utilized by an accused appear to be of no moment . . . .").

6

threatening to "get" Doe was too vague and insufficiently imminent to constitute a threat. What meaning to apply to threatening to get someone is a fact issue to be resolved by the jury, not an appellate court. *See Hernandez v. State*, 470 S.W.3d 862, 869 (Tex. App.—Fort Worth 2015, pet. ref'd) (holding any ambiguity in meaning of phrase "you're going down" was matter for jury to resolve); *Wooley*, 447 S.W.3d at 76 (holding pleading are construed liberally in favor of pleader); *Forbes*, 9 S.W.3d at 900 (holding "bodily injury" encompasses relatively minor physical contacts).

The majority also argues that Shipley's prior threat to get Doe expelled, which the majority describes as a "more precise[]" threat, established that Shipley's threat to get Doe was not an imminent threat. The majority provides no explanation for how the threat to Doe's mother to have Doe expelled must be construed as a matter of law to "more precisely" reflect the meaning behind the threat to get Doe at a time he was unaccompanied by any adult. Without such a showing, we must view the allegations in the light most favorable to the Joneses. *See Wooley*, 447 S.W.3d at 76.

I would hold that the Joneses sufficiently pleaded a cause of action of assault by threat against Shipley.[2] Accordingly, I would sustain the Joneses' first issue.

---

[2]    Shipley also argues in her brief that the Joneses' pleadings were insufficient to support the requisite mental state for assault. Because it was not raised in Shipley's motion for dismissal, this argument cannot be considered on appeal. *See 7-Eleven,*

7

## Conclusion

I would reverse the trial court's order granting Shipley's motion to dismiss and remand for further proceedings. Because I believe the majority errs by affirming the dismissal, I respectfully dissent.

Laura Carter Higley
Justice

Panel consists of Chief Justice Radack and Justices Higley and Huddle.

Justice Higley, dissenting from the judgment.

---

*Inc. v. Nat'l Union Ins. Co. of Pittsburgh, Pa.*, 33 Fed. Appx. 703 at \*7 (5th Cir. 2002) (holding appellee could not make argument on appeal that was not made in trial court to support dismissal under analogous federal rule); *see also* Tex. R. Civ. P. 91a.2 ("A motion to dismiss . . . must state specifically the reasons the cause of action has no basis in law . . . ."); *Drake v. Walker*, No. 05-14-00355-CV, 2015 WL 2160565, at \*3 n.2 (Tex. App.—Dallas May 8, 2015, no pet.) (mem. op.) (refusing to consider argument raised in brief but not in motion to dismiss).