**Opinion issued December 8, 2016**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-16-00046-CV

———————————

**VICSANDRA JONES AND DARREN JONES, INDIVIDUALLY AND AS NEXT FRIENDS OF JOHN DOE, A MINOR, Appellants**

**V.**

**JOSI CALDERON SHIPLEY, Appellee**

---

**On Appeal from the 61st District Court**
**Harris County, Texas**
**Trial Court Case No. 2015-56901**

---

### O P I N I O N

While chaperoning a school field trip, Josi Calderon Shipley allegedly rushed toward a second grader, John Doe, and shook her finger at him while stating she would "get him." John Doe's parents, Vicsandra Jones and Darren Jones, sued Shipley for assault by threat of bodily injury. The trial court granted Shipley's

motion to dismiss under Texas Rule of Civil Procedure 91a. On appeal, the Joneses argue that the trial court erred by granting the motion. We affirm.

## Background

The Joneses alleged in their First Amended Original Petition that they had an unpleasant exchange with Shipley shortly after they enrolled John Doe in the second grade of a new school. According to the amended petition, Shipley, the mother of another student at the same school, told Vicsandra and John Doe that John Doe was a "monster" and "completely out of control at school." The Joneses also alleged that Shipley said "she was going to see to it that he was expelled" from the school, adding that she and other parents at the school "pay high tuition rates to keep their children away from kids like [John Doe]."

The incident that forms the basis of the Joneses' suit for assault by threat of bodily injury took place about a week later, according to the amended petition. The Joneses allege that Shipley was chaperoning John Doe's school field trip to the zoo when she saw John Doe sitting alone, "rushed over" to him from 50 feet away in "an extremely threatening and aggressive manner," "put her finger inches from his face," and "told him she was going to 'get him.'" The amended petition alleges that this "attack" was without provocation, and caused John Doe to have a "fear of imminent bodily injury" and "severe emotional trauma."

Shipley filed a Rule 91a motion to dismiss, arguing that assuming all of the facts pleaded by the Joneses to be true, they were insufficient to support a cause of action for assault by threat of bodily injury. The Joneses responded, arguing that they had pleaded sufficient facts to state a claim for assault by threat of bodily injury. The trial court granted the motion, dismissing the case and awarding Shipley attorney's fees under Rule 91a.

## Discussion

In their sole issue, the Joneses argue that the trial court erred by granting Shipley's Rule 91a motion to dismiss.

### A. Standard of Review

We review the merits of a Rule 91a motion de novo because the availability of a remedy under the facts alleged is a question of law and the rule's factual-plausibility standard is akin to a legal-sufficiency review. *City of Dall. v. Sanchez*, 494 S.W.3d 722, 724 (Tex. 2016) (per curiam). Dismissal is appropriate under Rule 91a "if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought . . . or no reasonable person could believe the facts pleaded." *Id*.; TEX. R. CIV. P. 91a (authorizing dismissal of a cause of action that has no basis in law or fact).

**B.      Applicable Law**

The elements of assault are the same in both criminal and civil cases. *See*

*Loaisiga v. Cerda*, 379 S.W.3d 248, 256 (Tex. 2012). A person commits assault if

the person:

> (1)      intentionally, knowingly, or recklessly causes bodily injury to another, including the person's spouse;
>
> (2)      intentionally or knowingly threatens another with imminent bodily injury, including the person's spouse; or
>
> (3)      intentionally or knowingly causes physical contact with another when the person knows or should reasonably believe that the other will regard the contact as offensive or provocative.

TEX. PENAL CODE § 22.01(a). The focus in an assault by threat case is on the

defendant's words and conduct, and the critical inquiry is whether a reasonable

person under the circumstances would consider the words and conduct to be an

objective threat of imminent bodily injury. *See Olivas v. State*, 203 S.W.3d 341, 347

(Tex. Crim. App. 2006) ("Although the question whether the defendant's conduct

produced fear in the victim is relevant, the crucial inquiry remains whether the

assailant acted in such a manner as would under the circumstances portend an

immediate threat of danger to a person of reasonable sensibility."); *see also*

*Montejano v. State*, No. 08-12-00235-CR, 2014 WL 4638911, at *6 (Tex. App.—El

Paso Sept. 17, 2014, no pet.) (not designated for publication) ("operative question is

whether the defendant's conduct would be perceived as objectively threatening

under the circumstances").

4

**C. Analysis**

The Joneses, who sued individually and as next friends of John Doe, do not allege that Shipley caused John Doe bodily injury, nor do they allege Shipley caused any physical contact with him. Rather, the Joneses allege assault of the variety described in Section 22.01(a)(2): threatening another with imminent bodily injury. Texas authorities demonstrate that Shipley's alleged words and conduct cannot amount to assault by threatening imminent bodily injury as a matter of law. The cases in which conduct has been held sufficient to constitute assault by threat of imminent bodily injury involve words and conduct that, viewed from the objective perspective of a reasonable person, constitute express and unambiguous threats of imminent bodily injury, frequently death.

For example, in *Wells v. May*, No. 05-12-01100-CV, 2014 WL 1018135 (Tex. App.—Dallas Feb. 12, 2014, no pet.) (mem. op.), the trial court dismissed a claim for assault by threat under Rule 13, concluding that it had no basis in law or fact. *Id.* at *2. The Dallas Court of Appeals reversed, but the record in that case involved express death threats. *Id.* at *3–4. May was an attorney representing Wells's wife in the Wellses' divorce action, and May was taking a deposition of Wells's employee at the time of the altercation. *Id.* at *1. When Wells asked May to calm down and commented that May's temper may have contributed to his daughter's suicide, May demanded Wells leave the deposition. *Id.* As Wells gathered his things to leave,

5

May leaned over the table and screamed, "I'm gonna kill you!" *Id.* May jabbed his finger in Wells's face, making "repeated death threats", including that he was going to "shoot Wells with his gun." *Id.* When Wells left the deposition, May pursued him through the office and to the elevator, and Wells drove to the police station to report the incident. *Id.*

Likewise, in *Pickens v. Fletcher*, No. 4:12-cv-1196, 2013 WL 2618037 (S.D. Tex. June 11, 2013), the federal district court concluded that Pickens could survive summary judgment on his assault claim. *Id.* at *5. But, again, and unlike in this case, the defendant's words and conduct involved an express death threat. *Id.* Pickens and Fletcher were both students at a technical school. *Id.* at *1. One evening, they had a verbal altercation outside the school about a noose hanging from Fletcher's rear-view mirror. *Id.* The exchange escalated, with Fletcher ultimately yelling at Pickens "I will kill you n*****!" before walking to his truck to retrieve a gun that he then pointed at Pickens. *Id.* at *2.

While liability for assault can be based on a threat of imminent bodily injury short of death, the authorities in which evidence has been found sufficient to establish an assault under 22.01(a)(2) involve words and conduct, that, unlike Shipley's vague alleged threat to "get" John Doe, constitute unambiguous threats of imminent bodily injury from the objective perspective of a reasonable person. For example, in *Wilson v. State*, 391 S.W.3d 131 (Tex. App.—Texarkana 2012, no pet.),

6

the court of appeals held that legally sufficient evidence supported the defendant's assault by threat conviction where the defendant cursed his father, gritted his teeth, said he would "knock the s*** out of him," struck him on the back and head, and then grabbed a sledgehammer and held it as he began walking toward his father anew. *Id.* at 134. Likewise, in *Tidwell v. State*, 187 S.W.3d 771 (Tex. App.—Texarkana 2006, pet. stricken), the court of appeals held that legally sufficient evidence supported the defendant's assault conviction where the defendant had a gun in her possession and told the complainant that, unless he left, she would shoot him. *Id.* at 775. Similarly, in *Rogers v. State*, 877 S.W.2d 498 (Tex. App.—Fort Worth 1994, pet. ref'd), the court of appeals concluded that sufficient evidence supported the defendant's assault conviction where, in response to the complainant's refusal to cash a money order, the defendant pulled out a knife and threatened to cut off the complainant's head. *Id.* at 500.

By contrast, conduct and words objectively more threatening than Shipley's words and conduct in this case have been held *not* to constitute assault by threat of imminent bodily injury. For example, *Texas Bus Lines v. Anderson*, 233 S.W.2d 961, 963 (Tex. Civ. App.—Galveston 1950, writ ref'd n.r.e.), involved an altercation between a bus driver and his would-be passenger. When a ticket agent instructed the bus driver to refuse Anderson entry to the bus, Anderson nevertheless sought to board, and the driver, who was standing inside the bus near the door, "angrily" said

7

to Anderson and his companion, who were standing outside the bus's door, "You can't ride on my bus under any circumstances—Neither of you sons of b****** can ride my bus under any circumstances." *Id.* at 963. As he said this, the bus driver was positioned on the stairs inside the bus, "braced" and "ready to kick [Anderson] in the face" if he tried to force his way onto the bus. *Id.* Yet the appellate court held this did not raise a fact issue on assault by threat and it was error for the trial judge to have submitted the claim. *Id.* at 964; *see also Moore v. City of Wylie*, 319 S.W.3d 778, 782–83 (Tex. App.—El Paso 2010, no pet.) (even though plaintiff was "terrified during the confrontation," no fact issue on assault by threat of imminent bodily injury where supervisor, while reprimanding plaintiff, poked him in the chest with his finger three or four times).

Shipley's alleged words and conduct are a far cry from the type of conduct that has been held to constitute assault by threat of imminent bodily injury. *See Wells*, 2014 WL 1018135, at *3–4; *Pickens*, 2013 WL 2618037, at *5; *cf. Anderson*, 233 S.W.2d at 963. The act of walking "aggressively" toward John Doe and shaking her finger at him, together with the vague verbal threat to "get" him, does not support a reasonable inference in the mind of a reasonable person that Shipley made an objective threat to inflict imminent bodily injury on the second grader during a school-sponsored field trip to the zoo. This is particularly true given the Joneses' allegation that what Shipley had threatened a week earlier, when she spoke more

8

precisely, was expulsion from the school, which is neither bodily injury nor imminent. Assuming the truth of the Joneses' allegations, Shipley's vague threat to "get" John Doe together with her aggressive walking and finger-shaking during a school field trip do not constitute an objective threat of imminent bodily injury to a person of reasonable sensibility in light of the circumstances. Because the words and conduct alleged, though unkind, are insufficient to hold Shipley liable for assault by threat, we hold that the trial court correctly dismissed the Joneses' suit under Rule 91a.

## Conclusion

We affirm the trial court's judgment.

Rebeca Huddle
Justice

Panel consists of Chief Justice Radack and Justices Higley and Huddle.

Higley, J., dissenting

9